[Nos. 12156-9-III; 12388-0-III.   Division Three.   August 5, 1993.]

ANITA SUAREZ, *Individually, as Personal Representative, and as Guardian ad Litem,* ET AL, *Appellants,* v. ROBERT W. NEWQUIST, *Respondent.*

*George P. Trejo, Rick Hernandez,* and *Contreras-Trejo & Trejo, Inc. P.S.,* for appellants.

*Patrick McMahon* and *Carlson, Drewelow, Galbraith, Card & McMahon, P.S.,* for respondent.

SHIELDS, J.[*] — Anita Suarez[1] appeals the summary judgment dismissal of her wrongful death claim against Yakima Indian Nation police officer Robert Newquist. Mr. Newquist cross-appeals the court's refusal to award him attorney fees for defending a frivolous lawsuit and denial of his motion for CR 11 sanctions. We affirm the summary judgment and remand for imposition of sanctions.

In August 1988, Robert Newquist was employed as a Yakima Indian Nation tribal police officer, charged with enforcement of tribal laws within the boundaries of the Yakima Indian Nation Reservation. At about midnight on August 18/19, while traveling north on Highway 97 in a marked police vehicle, he came upon a northbound vehicle driving under the posted speed limit and crossing back and forth over the center line. He turned on his overhead lights and pulled the vehicle over to investigate.

Officer Newquist discovered the driver was an adult male, not a tribal member, who spoke broken English and appeared

---

[*] Judge George T. Shields was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

[1] Anita Suarez represents her children and the estate of Nemesio Gomez. For convenience, we refer only to Ms. Suarez without reference to her representative capacity.

to be quite intoxicated. The sole passenger also appeared to be intoxicated. Officer Newquist concluded neither occupant of the car was in any condition to drive safely. He learned from them that they were on their way to Wapato, about 3 miles away, and told them he would take them there. The driver indicated he wanted to call his brother from the Jackpot Market, so Officer Newquist gave the men a ride to the market, a distance of 2½ to 3 miles. He let them out near the pay telephone so they could call for a ride and warned them not to drive their car.

Officer Newquist then proceeded north on Highway 97 and very shortly thereafter arrested a tribal member, who was walking on the highway, for being drunk in public. He placed the arrestee in the back of his patrol car, then drove south on Highway 97 to take his prisoner to jail. As he entered the intersection of Highway 97 and South Wapato Road, where the Jackpot Market is located, a man ran directly in front of his car. Officer Newquist was unable to stop or avoid hitting the man, who turned out to be Nemesio Gomez, the intoxicated driver he had let out at the market a short time earlier. Mr. Gomez died from the impact.

Early in 1990 Anita Suarez, representing herself as the widow of Mr. Gomez and mother of his four children, filed a civil rights suit in the United States District Court for the Eastern District of Washington. In March 1990 a United States magistrate provided plaintiff's counsel with a written statement of the complaint's deficiencies and prohibited service on the named defendants until the complaint was amended to include sufficient facts to establish federal jurisdiction. In November 1990 Ms. Suarez filed an amended federal complaint alleging six causes of action[2] against the Yakima Indian Nation, the tribal police chief and Officer Newquist, based primarily on Officer Newquist's failure to arrest Mr. Gomez.

---

[2] (1) By not arresting Mr. Gomez, Officer Newquist and the tribe deprived him of equal benefit of the law in violation of 42 U.S.C. § 1981; (2) violation of Fourteenth Amendment guaranties of equal protection and due process; (3) wrongful death under RCW 4.20.010; (4) wrongful death under RCW 4.20.046; (5) negligence per se; and (6) negligence.

On January 18, 1991, Ms. Suarez filed a wrongful death suit in Yakima County Superior Court individually and on behalf of Mr. Gomez' estate and his children against the Yakima Indian Nation, its police department and chief of police, Officer Newquist, and Does 1 through 100. The complaint alleged Officer Newquist assumed a duty to protect Mr. Gomez when he took him into police custody, breached that duty by failing to either arrest Mr. Gomez or have him arrested by other authorities, and was thus negligent. It further alleged all law enforcement officers have a statutory duty to arrest individuals who are driving while intoxicated; Officer Newquist breached that duty by failing to arrest Mr. Gomez and was thus negligent per se.

On August 2, 1991, the United States District Court dismissed all the federal claims for lack of jurisdiction: the Indian tribe and its officers acting in their representative capacities and within their scope of authority have sovereign immunity. In addition and alternatively, the constitutional claims[3] and discrimination claims under 42 U.S.C. § 1981 were dismissed for failure to state a claim upon which relief could be granted.[4] The state wrongful death claims in United States District Court were also dismissed for lack of jurisdiction.

On September 6, 1991, the Yakima County Superior Court granted voluntary dismissal of the Yakima Indian Nation, its police department and police chief, and granted the plaintiffs' motion to amend their complaint.[5] The amended complaint named Officer Newquist in his individual capacity, dropped the allegation that Officer Newquist breached his duty to Mr. Gomez by failing to arrest him, and alleged instead that he

---

[3] The constitutional guaranties underlying the constitutional claims do not apply to the exercise of governmental powers by an Indian tribe or its members.

[4] Purposeful discrimination is an element of a section 1981 claim, but no facts were pleaded indicating the failure to arrest Mr. Gomez was motivated by racial animus.

[5] Does 1 through 100 were voluntarily dismissed by the trial court on February 10, 1992.

arrested Mr. Gomez outside the scope of his limited authority as a tribal police officer. Officer Newquist moved for dismissal.

By memorandum opinion filed December 11, 1991, the court found Officer Newquist had authority to stop Mr. Gomez for erratic driving within reservation boundaries[6] and his subsequent actions were within the scope of his employment. The court concluded Officer Newquist enjoyed sovereign immunity and granted summary judgment of dismissal. Ms. Suarez appealed.

On January 2, 1992, Officer Newquist moved for expenses and attorney fees pursuant to both RCW 4.84.185 and CR 11. The court denied the motion; he appealed. The appeals were consolidated.

## SUMMARY JUDGMENT

■ When reviewing a summary judgment, the appellate court engages in the same inquiry as the trial court; both must consider facts and reasonable inferences in a light most favorable to the nonmoving party and determine whether reasonable people could reach but one conclusion from all the evidence. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). As the moving party, Officer Newquist was entitled to summary judgment if the pleadings and affidavits on file in this case show there is no genuine issue of material fact. *Teagle v. Fischer & Porter Co.*, 89 Wn.2d 149, 152, 570 P.2d 438 (1977).

Ms. Suarez contends she raised a genuine issue of material fact by alleging Officer Newquist arrested Mr. Gomez and thus acted outside the scope of his authority as a tribal police officer. Officer Newquist concedes he had no authority to arrest Mr. Gomez, who was not a member of the tribe. If he in fact did make an arrest, he was acting outside the scope of his authority and is not immune from this lawsuit.[7]

---

[6]On the inherent authority of an Indian tribal officer to stop and detain a non-Indian driving a motor vehicle on a public road within the reservation, see *State v. Schmuck*, 121 Wn.2d 373, 850 P.2d 1332 (1993).

[7]Sovereign immunity extends only to tribal governmental officers acting in their representative capacity within the scope of their employment. *Hardin v.*

■ Through his own declaration and that of Yakima Indian Nation Police Chief Davis Washines, Officer Newquist provided evidence that his actions in transporting Mr. Gomez to the market were performed in his capacity as a tribal police officer and within the scope of his employment. Once Officer Newquist supported his motion with factual evidence that he acted within his delegated authority, the burden shifted to Ms. Suarez to produce some evidence that he exceeded the scope of his authority. *See Baldwin v. Sisters of Providence in Wash., Inc.*, 112 Wn.2d 127, 132, 769 P.2d 298 (1989). To satisfy her burden Ms. Suarez needed to set forth specific facts; speculation, argumentative assertions, opinions and conclusory statements will not defeat the motion. *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988); *Seven Gables Corp. v. MGM/UA Entertainment Co.*, 106 Wn.2d 1, 12-13, 721 P.2d 1 (1986).

Ms. Suarez produced no facts to show Officer Newquist arrested Mr. Gomez. She offered no evidence that the ride to the market was anything but voluntary. There are no facts from which it can be reasonably inferred that Officer Newquist arrested Mr. Gomez. From the facts before it, the court could only conclude as it did that Officer Newquist acted in his official capacity, within the bounds of his authority, and was entitled to immunity. The court properly granted summary judgment.

### DENIAL OF REQUEST FOR ATTORNEY FEES AND SANCTIONS

Officer Newquist contends the court abused its discretion by refusing to award him attorney fees for defending a frivolous claim and by not finding CR 11 violations which would have required imposition of sanctions.

■ *Frivolous claim.* The frivolous lawsuit statute, RCW 4.84.185, was enacted to discourage abuse of the legal system by providing for an award of expenses and legal fees to any party forced to defend itself against meritless claims

---

*White Mt. Apache Tribe*, 779 F.2d 476, 479 (9th Cir. 1985); *United States v. Oregon*, 657 F.2d 1009, 1012 n.8 (9th Cir. 1981).

asserted for harassment, delay, nuisance or spite. *Biggs v. Vail*, 119 Wn.2d 129, 134-36, 830 P.2d 350 (1992). This was not initiated as that kind of lawsuit. The court did not abuse its discretion by refusing to award fees pursuant to RCW 4.84.185.

CR 11 sanctions. CR 11 is also meant to curb abuses of the judicial system, but the rule focuses on attorneys rather than on parties.

> CR 11 addresses two types of problems relating to pleadings, motions and legal memoranda: filings which are not "well grounded in fact and . . . warranted by . . . law" and filings interposed for "any improper purpose".

*Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992) (quoting from CR 11). Both problems are at issue in this case.

With respect to the first problem, CR 11 requires attorneys to think and investigate carefully before serving and filing papers, by providing for sanctions against an attorney who files baseless pleadings. *Bryant*, at 218-20. CR 11 sanctions are warranted if: (1) the action is not well grounded in fact, (2) it is not warranted by existing law, and (3) the attorney signing the pleading has failed to conduct reasonable inquiry into the factual or legal basis of the action. CR 11; *Bryant*, at 220; *John Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 110, 780 P.2d 853 (1989). Those three conditions were met when plaintiffs' counsel signed and filed on his clients' behalf the amended complaint.

The original complaint alleged negligence based on a *failure to arrest* Mr. Gomez after assumption of a duty to protect him.[8] After the United States District Court dismissed the federal lawsuit on the basis of sovereign immunity, counsel dropped the other defendants and amended the state com-

---

[8] At the time he filed the complaint in superior court, counsel had already been warned by a United States Magistrate that he was risking imposition of Fed. R. Civ. P. 11 sanctions by filing a lawsuit against the Confederated Tribes and Bands of the Yakima Indian Nation, and its officials and servants acting within their official capacities.

plaint to allege Officer Newquist *arrested* Mr. Gomez and thus acted outside the scope of his tribal authority. This was an obvious effort to avoid the immunity bar, not well grounded in facts, not well grounded in the existing law of sovereign immunity,[9] and without further inquiry. As noted above, there is no factual basis for the allegation that Officer Newquist arrested Mr. Gomez. The court abused its discretion by denying CR 11 sanctions for the filing of the amended complaint.

With respect to the second problem, filing for an improper purpose, Officer Newquist also contends the trial court abused its discretion by not finding that counsel for Ms. Suarez violated CR 11 when he attempted to delay the summary judgment proceedings by filing unwarranted affidavits of prejudice.

In addition to deterring baseless filings, CR 11 was designed to reduce " 'delaying tactics, procedural harassment, and mounting legal costs.' " *Bryant*, at 219 (quoting 3A L. Orland, Wash. Prac., *Rules Practice* § 5141 (3d ed. Supp. 1991)). Here, before the summary judgment hearing, counsel had already filed an affidavit of prejudice on behalf of Ms. Suarez against one judge. Counsel presented another affidavit of prejudice on behalf of another plaintiff just before commencement of the summary judgment hearing. He did so based on a court clerk's belief it was appropriate. Counsel's duty under the rule to make a reasonable inquiry to ensure it was warranted by existing law was not satisfied.[10]

---

[9] The dissent relies on ambiguities in RCW 10.93, the Washington Mutual Aid Peace Officer Powers Act of 1985, to excuse counsel's failure to ground the amended complaint in fact and law, but does not explain why that act applies to this case. It is undisputed that Officer Newquist stopped Mr. Gomez and briefly detained him; he was clearly authorized to do so. *See State v. Schmuck*, 121 Wn.2d 373, 850 P.2d 1332 (1993) and the federal cases cited therein. No provision in RCW 10.93 purports to define or limit the authority of a tribal police officer, nor could it; tribal sovereignty can be divested only by an affirmative action of Congress. *Schmuck*, at 393.

[10] Although the court labeled the issue of multiple affidavits of prejudice "debatable", the Supreme Court ruled decisively in *LaMon v. Butler*, 112 Wn.2d 193, 203-04, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989) that all individual plaintiffs together are limited to a single affidavit of prejudice. The court's conclusion that this area of the law is "debatable" is based on untenable grounds.

■ When the judge denied the client's affidavit, counsel then attempted to file an affidavit of his own. When the court rejected that also, counsel requested a continuance, admitting he was not prepared to argue because the clerk had told him argument would be set over. Counsel's attempted filing of the additional affidavits of prejudice was clearly for the improper purpose of causing an unnecessary delay; therefore, the trial court abused its discretion by denying Officer Newquist's motion for CR 11 sanctions.[11]

We affirm the summary judgment of dismissal. We remand for imposition of sanctions against plaintiffs' counsel for his violations of CR 11.

SWEENEY, J., concurs.

THOMPSON, C.J. (concurring in part, dissenting in part) — I agree the summary dismissal of plaintiffs' action was properly entered. However, I would also affirm the trial court's refusal to impose sanctions.

The trial court's determination regarding CR 11 violations is reviewed only for abuse of discretion. *Watson v. Maier*, 64 Wn. App. 889, 896, 827 P.2d 311, *review denied*, 120 Wn.2d 1015 (1992). In denying sanctions here, the trial court explained:

> The true issue in this case is the legal authority of the Indian tribal officer on the Yakima Indian Reservation to stop any law violator . . . for a crime that . . . was being committed in his presence. And the law is difficult in this area.
> For a number of reasons, my opinion took some amount of time.
> . . . I thought there was some particular issues . . . concerning the recognition by the state . . . of the authority of an Indian police officer. And going to the statutes, I frankly found them to be rather inexact.
> RCW 10.93,[12] for example, talks about authorities of officers in certain contexts, talks about Indian police officers in

---

[11]As for the allegation that naming Ms. Suarez individually as a plaintiff violated CR 11, counsel had a basis for arguing Ms. Suarez and Mr. Gomez were married, considering their common law relationship in Mexico.

[12]RCW 10.93 extends the jurisdiction of certain peace officers in certain circumstances (*e.g.*, emergency situations). *See* RCW 10.93.070, .080, .090. Tribal officers

one phrase and then, just like the word processor bleeped it out, on the next phrase or subsection of the statute, deletes Indian police officers. Why, I don't know. Consistency and common sense would indicate that they would be included. But anyway, I thought there was some issue concerning that that's worthy of debate.

The majority opinion holds this determination was an abuse of discretion. At page 834, the majority states: "[T]here is no factual basis for the allegation that Officer Newquist arrested Mr. Gomez." But Officer Newquist admits he briefly detained Mr. Gomez in the course of an investigatory stop.[13] In doing so, he exercised authority which the plaintiffs in this action contended was beyond the scope of his jurisdiction as a tribal police officer. Given the ambiguities in RCW 10.93, I do not believe the trial court abused its discretion when it held the plaintiffs' argument presented a debatable issue, even though it had previously decided this question of law against them.

The other basis for the majority's award of sanctions is the plaintiffs' attorney's misuse of the affidavit of prejudice. But, as the trial court observed, no delay resulted therefrom because the court rejected the affidavit. In these circumstances, I do not think it was an abuse of discretion for the trial court to refuse to sanction the attorney.

---

are mentioned in the definition section, RCW 10.93.020(8), but not in subsequent sections.

[13]Officer Newquist states in his affidavit that he stopped Mr. Gomez after he observed him driving erratically. He immediately noticed the smell of alcohol, asked Mr. Gomez for his driver's license, and then asked him to get out of his car. He was of the opinion Mr. Gomez could not safely operate the vehicle. When Mr. Gomez indicated he and his passenger were on their way to Wapato, Officer Newquist "told" them he would take them there.

While the Indian tribe may have retained authority "to detain [non-Indian] offenders and turn them over to government officials for prosecuting", *see State v. Schmuck*, 121 Wn.2d 373, 383, 850 P.2d 1332 (1993), the question here was whether Officer Newquist had jurisdiction to detain Mr. Gomez for purposes other than transferring him to the State. The trial court held he did, and we have affirmed that determination.

Accordingly, I would affirm both the trial court's summary dismissal of plaintiffs' action and its denial of defendant's motion for sanctions.