# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

HAITHAM JOUDEH,                                )     No. 72533-5-I
                                               )
                        Appellant,             )
                                               )
        v.                                     )
                                               )
PFAU COCHRAN VERTETIS AMALA,                   )
PLLC, a Washington professional                )
limited liability company d/b/a PFAU           )
COCHRAN VERTETIS KOSNOFF,                       )
PLLC; DARRELL L. COCHRAN,                      )
individually and on behalf of the marital      )     UNPUBLISHED OPINION
community comprised of DARRELL L.              )
COCHRAN and JANE DOE COCHRAN,                   )     FILED: August 24, 2015
                                               )
                        Respondents.           )
_____)

VERELLEN, J. — Haitham Joudeh and his son were injured in a car accident

resulting from a botched repossession. Joudeh hired attorney Darrell Cochran to

pursue a personal injury action against multiple tortfeasors, alleging both direct and

vicarious liability claims. With Cochran's urging, Joudeh settled for $350,000 with four

of the six tortfeasors. Cochran then withdrew. Joudeh was unable to retain new

counsel, and he did not appear or oppose the two remaining tortfeasors' motions for

summary judgment. The court granted the remaining tortfeasors summary judgment

and dismissed Joudeh's counterclaims for failure to prosecute. Joudeh did not appeal

those adverse rulings.

Joudeh sued Cochran and his law firm, Pfau Cochran Vertetis Amala (Cochran), for legal malpractice and other claims. The trial court granted summary judgment dismissing all of Joudeh's claims.

Joudeh contends genuine issues of material fact remain for trial. But his failure to appear or oppose the motions for summary judgment in his underlying personal injury action cuts off any causal link between Cochran's alleged misconduct and the loss of his direct liability claims. And Joudeh fails to demonstrate that he would have recovered more than the $350,000 partial settlement for his vicarious liability claims. We conclude no genuine issues of material fact remain regarding proximate cause for any of his claims on appeal.

Joudeh also contends a trial court may order disgorgement of fees as a remedy for an attorney's breach of fiduciary duty, even absent proof of proximate cause. We agree.

We affirm in part, reverse in part, and remand to consider the potential equitable remedy of disgorgement of fees upon proof of a breach of fiduciary duty.

## FACTS[1]

Joudeh entered into a loan agreement with Spokane Firefighters Credit Union (SFCU) to buy a truck. Joudeh defaulted on the loan. SFCU hired Auto Trackers to repossess the truck. Auto Trackers then hired Strickland Recovery LLC to assist in the repossession.

---

[1] Cochran vigorously denies any malpractice, breach of fiduciary duty, breach of contract, or Consumer Protection Act violation. Because this is an appeal from summary judgment, we set forth the facts in a light most favorable to Joudeh.

Auto Trackers employees Matthew Mayo and Trisha Matthews and Strickland Recovery's owner Joshua Strickland found Joudeh driving the truck with his son. Strickland drove a tow truck. Mayo and Matthews followed in another vehicle. Joudeh and his son were injured when, following a high speed chase, Strickland's tow truck rear-ended Joudeh's truck, pushing it into Mayo's and Matthews's vehicle.

Joudeh hired Cochran and signed a contingent fee agreement. Regarding costs, the agreement states:

> Client agrees to reimburse Attorneys . . . for all Costs incurred by the same in pursuit of this matter. *At their sole discretion, Attorneys will advance payment of Costs . . . . Attorneys may require Client to pay for all such advanced Costs before additional Costs are incurred by Attorneys.*[2]

Joudeh sued SFCU, Auto Trackers, Mayo, Matthews, Strickland Recovery, and Strickland. The claims against SFCU and Auto Trackers included theories of vicarious liability for the acts of their purported agents and direct liability for negligent hiring, training, and supervision and breach of the peace.

Joudeh consistently told Cochran that he "very much wanted to take [his] case to trial."[3] During mediation, Joudeh said that "he didn't want to settle with anyone at various points or that he wanted a million dollars,"[4] and that he believed his "damages were between 2.5 to 3 million [dollars]."[5] Cochran advanced the litigation costs, but because he believed Joudeh was taking positions "against his best interest" and "his

---

[2] Clerk's Papers (CP) at 375 (emphasis added).

[3] CP at 531.

[4] CP at 410.

[5] CP at 531.

3

child's best interests," Cochran requested that Joudeh deposit $10,000 for ongoing litigation expenses.[6]

Cochran urged Joudeh to accept a settlement for $350,000 to release Mayo, Matthews, Strickland, and Strickland Recovery from all liability. Strickland Recovery and Auto Trackers each had $1,000,000 of liability coverage. Mayo and Matthews each had $100,000 of liability coverage.

Joudeh authorized Cochran to settle with Strickland Recovery and Strickland for $250,000 and with Matthews and Mayo for $100,000. But he alleges Cochran coerced him into the partial settlement by invoking the cost provision of the fee agreement and requiring him to advance $10,000 if he did not agree to the $350,000 settlement offer. Joudeh also alleges Cochran assured him the partial settlement would not impact his vicarious liability claims.

Cochran obtained continuances for Joudeh's case against Auto Trackers and SFCU and then withdrew. Four months later, Auto Trackers and SFCU moved for summary judgment. Joudeh obtained an extension to respond. Later, attorney Steven Bobman made a limited appearance on behalf of Joudeh to seek additional time to oppose the summary judgment motions. The trial court denied the request. Neither Bobman nor Joudeh filed any materials in opposition to or appeared for argument of the summary judgment motions. The trial court granted SFCU and Auto Trackers summary judgment and dismissed Joudeh's counterclaims against SFCU for failure to prosecute. Joudeh did not appeal any of the adverse rulings.

---

[6] CP at 234.

4

Joudeh sued Cochran for legal malpractice, breach of fiduciary duty, breach of contract, and violation of the Consumer Protection Act, chapter 19.86 RCW. Cochran moved for summary judgment, arguing that Joudeh could not establish proximate cause for any of his claims. The trial court granted Cochran summary judgment, concluding all of Joudeh's claims failed for lack of proximate cause. The trial court's oral ruling stated:

> [P]laintiff failed to challenge or appeal the adverse ruling[s] in the underlying personal injury action. As a matter of law[,] that failure defeats the plaintiff's proof of proximate cause here, period. . . .
>
> . . . [I]t applies equally across the board to each and every legal theory they now posit.[7]

Joudeh appeals.

## ANALYSIS

### *Standard of Review*

We review a summary judgment order de novo, performing the same inquiry as the trial court.[8] We view the facts and all reasonable inferences in the light most favorable to the nonmoving party.[9] Summary judgment is proper if there are no genuine issues of material fact.[10] "A material fact is one that affects the outcome of the litigation."[11]

---

[7] CP at 972-73.

[8] McDevitt v. Harborview Med. Ctr., 179 Wn.2d 59, 64, 316 P.3d 469 (2013).

[9] Fulton v. State, Dep't of Soc. & Health Servs., 169 Wn. App. 137, 147, 279 P.3d 500 (2012).

[10] CR 56(c); Lowman v. Wilbur, 178 Wn.2d 165, 168-69, 309 P.3d 387 (2013) (quoting Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003)).

[11] Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005).

The parties vigorously dispute the application of the burden-shifting scheme for summary judgment. The moving party initially bears the burden of showing the absence of any genuine issue as to any material fact.[12] A defendant moving for summary judgment "has the initial burden to show the absence of an issue of material fact, or that the plaintiff lacks competent evidence to support an essential element of [his] case."[13] If the defendant meets this initial showing, then the inquiry shifts to the plaintiff to set forth evidence to support his case.[14] The evidence set forth must be specific and detailed.[15] The responding plaintiff may not rely on conclusory statements, mere allegations, or argumentative assertions.[16] If the plaintiff fails to establish the existence of an essential element that he bears the burden of proving at trial, then summary judgment is warranted.[17]

### Summary Judgment "Showing"

Joudeh first contends the trial court erred by permitting Cochran to raise proximate cause in his rebuttal materials and failing to limit Cochran to issues raised in his initial motion for summary judgment. We disagree.

The moving party in its motion for summary judgment must raise "all of the issues on which it believes it is entitled to summary judgment."[18] "Allowing the moving party to

---

[12] Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 70, 170 P.3d 10 (2007).

[13] Seybold v. Neu, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001).

[14] Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989).

[15] Sanders v. Woods, 121 Wn. App. 593, 600, 89 P.3d 312 (2004).

[16] CR 56(e); Vacova Co. v. Farrell, 62 Wn. App. 386, 395, 814 P.2d 255 (1991).

[17] Young, 112 Wn.2d at 225.

[18] White v. Kent Med. Ctr., Inc., 61 Wn. App. 163, 168, 810 P.2d 4 (1991).

raise new issues in its rebuttal materials is improper because the nonmoving party has no opportunity to respond."[19] The moving party must therefore determine what issues may be resolved by summary judgment and "clearly state in its opening papers those issues upon which summary judgment is sought."[20] The moving party cannot prevail on the original motion based on issues first raised in rebuttal materials.[21]

In White v. Kent Medical Center, Inc., for example, the defendant moved for summary judgment on the basis that White lacked expert testimony establishing the standard of care.[22] The defendant argued *for the first time* in its rebuttal materials that the plaintiff lacked evidence of causation. This court reversed the summary judgment order because it had been granted on proximate cause, an issue not raised until the defendant's rebuttal materials and to which the plaintiff had no opportunity to respond.[23]

Unlike White, Cochran's motion for summary judgment here clearly requested that the trial court dismiss all of Joudeh's claims for lack of proximate cause, claiming that

- Joudeh "failed to challenge or appeal the adverse ruling[s] in the underlying personal-injury action."[24]

- "Even assuming that plaintiff violated the standard of care, plaintiff cannot prove proximate cause."[25]

---

[19] Id.

[20] Id. at 169.

[21] Id. at 168-69.

[22] 61 Wn. App. 163, 810 P.2d 4 (1991).

[23] Id. at 168-169.

[24] CP at 82-83.

[25] CP at 92.

- The "but for" test is used to determine proximate cause in a legal malpractice claim: "'but for' the attorney's negligence, the client would have obtained a better result."[26]

- Joudeh "must show that his underlying action was lost or compromised by Mr. Cochran's alleged breach of duty" and that "he would have fared better in the absence of Mr. Cochran's alleged breach—that is, that he would have prevailed and obtained a better recovery."[27]

- "[T]he loss of [Joudeh's] claims against SFCU and Auto Trackers was not caused by Mr. Cochran's conduct but, rather, by plaintiff's own failure to oppose those defendants' summary judgment motions."[28]

- For his CPA claim, Joudeh "cannot show that he would have obtained more [than the $350,000 settlement]" but for Cochran's misconduct in coercing Joudeh "into accepting a settlement recommendation."[29]

- "To the extent [Joudeh] alleges that these settlements compromised his other claims, such a claim would be defeated by lack of proximate cause."[30]

- Joudeh "must show that Mr. Cochran's breach [of contract] caused plaintiff to lose his claims."[31] "Had plaintiff opposed those summary judgment motions, the claims would not have been dismissed. Plaintiff cannot prove that, even if Mr. Cochran did breach the fee agreement, that breach proximately caused a dismissal of the remaining claims."[32]

Cochran here made more than a "passing mention" of proximate cause in its motion for summary judgment, and Joudeh responded to Cochran's proximate cause arguments. We conclude Cochran adequately raised proximate cause as a basis to dismiss all of Joudeh's claims.

---

[26] CP at 92.

[27] CP at 93.

[28] CP at 93.

[29] CP at 104.

[30] CP at 104.

[31] CP at 99.

[32] CP at 98.

*Proximate Cause*

Generally, Joudeh contends there are genuine issues of material fact regarding proximate cause for all of his claims that warrant a trial. We disagree.

A. Legal Malpractice Claim

(1) Vicarious Liability Claims Against Auto Trackers and SFCU

Both parties agree that partial settlement with the purported agents of Auto Trackers and SFCU precluded any recovery from Auto Trackers and SFCU under a vicarious liability theory. Joudeh specifically contends that if Cochran had properly advised him about the risks of partial settlement, he would not have agreed to settle. The critical question here is what evidence Joudeh must put forth—beyond conclusory statements, mere allegations, or argumentative assertions—to create a question of material fact that he would have fared better than $350,000 on these claims had he not entered into the partial settlement.

"Liability for legal malpractice, as for other torts, requires proof of duty, breach of duty, causation, and damage."[33] The only issue here is causation. "General principles of causation are no different in a legal malpractice action than in an ordinary negligence case."[34] "[P]roximate cause is determined by the 'but for' test."[35] The plaintiff must show that the attorney's alleged breach proximately caused the injury,[36] such that his

_____

[33] Griswold v. Kilpatrick, 107 Wn. App. 757, 760, 27 P.3d 246 (2001).

[34] Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 328, 111 P.3d 866 (2005).

[35] Griswold, 107 Wn. App. at 760.

[36] Smith v. Preston Gates Ellis, LLP, 135 Wn. App. 859, 864, 147 P.3d 600 (2006).

claims were lost or compromised by the attorney's misconduct and he would have fared better but for the attorney's misconduct.[37]

Joudeh argues proximate cause "is usually the province of the jury."[38] But in some circumstances, as here, proximate cause may be decided as a matter of law when "'reasonable minds could not differ.'"[39] Mere speculation and conjecture cannot raise a genuine issue of material fact.[40]

Griswold v. Kilpatrick is instructive.[41] Griswold settled a medical malpractice claim but then sued her attorney, asserting that "the settlement figure would have been higher but for the attorney's delay in initiating settlement negotiations."[42] Griswold's expert testified that the case would have settled for a greater amount absent the attorney's breach. This court affirmed summary judgment in favor of the attorney, holding that Griswold's evidence was "speculative and conclusory" and was "inadmissible to create an issue of material fact."[43]

Similar to Griswold, Joudeh provided no evidence that he could have recovered more for his vicarious liability claims either through settlement or trial. Expert testimony

---

[37] Daugert v. Pappas, 104 Wn.2d 254, 258, 704 P.2d 600 (1985); Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 235-36, 974 P.2d 1275 (1999).

[38] Smith, 135 Wn. App. at 864.

[39] Moore v. Hagge, 158 Wn. App. 137, 148, 241 P.3d 787 (2010) (quoting Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 469, 921 P.2d 1098 (1996)).

[40] See Griswold, 107 Wn. App. at 761; Halvorsen v. Ferguson, 46 Wn. App. 708, 721, 735 P.2d 675 (1986).

[41] 107 Wn. App. 757, 27 P.3d 246 (2001).

[42] Id. at 758.

[43] Id. at 762.

is not always required to demonstrate proximate cause.[44] But Joudeh's belief that he could have done better absent Cochran's alleged negligence is insufficient to create an issue of material fact for proximate cause. Joudeh offered no expert testimony or any other evidence that, had he been advised of the risks of partial settlement, he would have fared better than the $350,000 partial settlement.

Joudeh fails to demonstrate a genuine issue of material fact that Cochran's alleged misconduct proximately caused Joudeh any damages for his vicarious liability claims.

(2) Direct Liability Claims against SFCU and Auto Trackers

For Joudeh's direct liability claims, either there was a question of material fact in the underlying personal injury action or there was not. If there was no question of material fact to be raised, then the trial court correctly granted SFCU and Auto Trackers summary judgment; nothing Cochran did or failed to do could have proximately caused Joudeh any damages. And if there was a question of material fact, then it was Joudeh's failure to oppose the motions for summary judgment (or to appeal the adverse rulings) that broke any chain of causation based upon Cochran's alleged misconduct. A defendant may break the chain of causation by showing that "a person's own conduct may be the sole cause of injuries."[45] Here, Joudeh's own conduct in failing to appear or oppose the motions for summary judgment caused any loss he sustained.[46]

---

[44] E.g., Geer v. Tonnon, 137 Wn. App. 838, 851, 155 P.3d 163 (2007) (requiring a plaintiff to produce "expert testimony or other evidence" in order to demonstrate proximate cause (emphasis added)).

[45] Nielson v. Eisenhower & Carlson, 100 Wn. App. 584, 593, 999 P.2d 42 (2000).

[46] See generally Paradise Orchards Gen. P'ship v. Fearing, 122 Wn. App. 507, 94 P.3d 372 (2004) (an aggrieved party must first challenge an erroneous ruling before bringing a legal malpractice claim).

Joudeh relies on cases discussing the reasonableness of efforts to mitigate damages. But whether Joudeh had a duty to mitigate presupposes that Cochran was legally liable for Joudeh's damages.[47] No mitigation requirement arises before "a determination that a legal wrong ha[s] been committed."[48]

Joudeh contends Cochran failed to meet his initial burden of proving the trial court was right. But under the well-established standards for summary judgment, Cochran met his initial burden. Joudeh was then obliged to put forth evidence demonstrating a question of material fact that Cochran's alleged breach proximately caused the loss of his vicarious or direct liability claims. Because a "plaintiff's showing of proximate cause must be based on more than mere conjecture or speculation," we conclude Joudeh fails to show a genuine issue of material fact that Cochran proximately caused any loss.[49]

B. Breach of Fiduciary Duty Claim

The elements for a breach of fiduciary duty damage claim mirror those of a legal malpractice claim. The plaintiff must prove proximate cause. As discussed above, Joudeh fails to show a genuine issue of material fact that Cochran's alleged breach of his fiduciary duties proximately caused Joudeh's injury and damages.[50]

---

[47] See Flint v. Hart, 82 Wn. App. 209, 215, 917 P.2d 590 (1996).

[48] City of Seattle v. Blume, 134 Wn.2d 243, 258, 947 P.2d 223 (1997); see generally Bullard v. Bailey, 91 Wn. App. 750, 759-60, 959 P.2d 1122 (1998) (analyzing the mitigation of damages doctrine only after determining that a client's former attorney caused him damages).

[49] Miller v. Likins, 109 Wn. App. 140, 145, 34 P.3d 835 (2001). This reasoning applies equally to Joudeh's intentional tort claims in the underlying personal injury action.

[50] To the extent Joudeh alleges Cochran made settlement offers that he did not authorize or that he was coerced into the partial settlement, Joudeh fails to raise a

C. CPA Violation Claim

Joudeh contends genuine issues of material fact remain for his CPA claim. We disagree.

"The Consumer Protection Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[51] To establish a CPA claim, "the plaintiff must prove '(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'"[52] All elements must be present.[53]

Proximate cause is critical here. A CPA claim requires proof that the claimant suffered a specific injury to his business or property and that the defendant's unfair or deceptive act proximately caused the plaintiff's injury.[54]

Joudeh contends that Cochran coerced him into accepting Cochran's settlement recommendations. But he does not allege how he was "injured" within the meaning of the CPA. Cochran never enforced his request that Joudeh pay $10,000 to cover litigation expenses. Joudeh admits in his declaration that he "would have rejected Mr. Cochran's settlement recommendations despite his demands that [he] pay future

---

genuine issue of material fact that Cochran's alleged breach proximately caused Joudeh any harm.

[51] Behnke v. Ahrens, 172 Wn. App. 281, 290, 294 P.3d 729 (2012).

[52] Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013) (alteration in original) (quoting Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986)).

[53] Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc., 86 Wn. App. 732, 743, 935 P.2d 628 (1997).

[54] Hangman Ridge, 105 Wn.2d at 792-93.

litigation expenses."[55] Joudeh offers no evidence that Cochran's request for costs caused him to accept Cochran's settlement recommendations. On this record, it is unclear how invoking the cost provision of the fee agreement caused or "coerced" Joudeh to accept Cochran's settlement recommendations. Moreover, as discussed above, Joudeh does not establish how the partial settlement proximately caused him any injury. Therefore, we conclude Joudeh fails to demonstrate a genuine issue of material fact regarding proximate cause for his CPA claim.

D. Breach of Contract Claim

Joudeh contends genuine issues of material fact remain for his breach of contract claim. We disagree.

A breach of contract claim requires duty, breach, proximate cause, and damages.[56] Joudeh fails to cite any contractual provision in the fee agreement that Cochran allegedly breached. Instead, Joudeh claims Cochran disregarded Joudeh's express settlement instructions and did not explain the implications of partial settlement. But even if there is a genuine issue of material fact whether Cochran breached their agreement, there is no genuine issue of material fact for proximate cause warranting a trial. As discussed above, Joudeh fails to show how the partial settlement adversely affected his claims against Auto Trackers and SFCU. Therefore, we conclude Joudeh's breach of contract claim fails for lack of proximate cause.

---

[55] CP at 533.

[56] Nw. Independent Forest Mfrs. v. Dep't of Labor and Indus., 78 Wn. App. 707, 712, 899 P.2d 6 (1995).

*Fee Disgorgement as Remedy for Breach of Fiduciary Duty*

Joudeh contends a trial court may order fee disgorgement as an equitable remedy for a breach of fiduciary duty claim even absent proof of proximate cause. We agree.

"The general principle that a breach of ethical duties may result in denial or disgorgement of fees is well recognized."[57] It is within a trial court's "inherent power" to "'discipline specific breaches of professional responsibility, and to deter future misconduct of a similar type.'"[58] The remedy in such a case is fee disgorgement.[59] A trial court has the discretion to order a fee disgorgement as a remedy for an attorney's breach of fiduciary duty.[60] "A finding of causation and damages is not required to support an order of disgorgement."[61]

First, Cochran argues the record does not support that he ever received a fee. But the parties do not dispute that Joudeh recovered $350,000 in settlement and that the contingent-fee agreement applies to that settlement. Thus, there is a reasonable inference that Cochran received significant fees from the $350,000 recovery.

Second, Cochran relies upon Kelly v. Foster for the proposition that disgorgement of fees is available only for fraudulent acts or gross misconduct by an attorney.[62] Kelly holds only that a trial court is not compelled but has discretion to order

_____

[57] Eriks v. Denver, 118 Wn.2d 451, 462, 824 P.2d 1207 (1992).

[58] Id. at 463 (quoting In re Eastern Sugar Antitrust Litig., 697 F.2d 524, 533 (3d Cir. 1982)).

[59] Id. at 462.

[60] Cotton v. Kronenberg, 111 Wn. App. 258, 275, 44 P.3d 878 (2002).

[61] Behnke, 172 Wn. App. at 298.

[62] 62 Wn. App. 150, 813 P.2d 598 (1991).

disgorgement for attorney misconduct.[63]  Recent case law recognizing that there is no requirement for proximate cause or damages is compelling.[64]

Finally, it is clear that a question of material fact exists as to the alleged breach of fiduciary duty.  Joudeh's expert opined that Cochran breached their fiduciary duty in several respects.  If Cochran is found to have breached their fiduciary duty, then the trial court must exercise its discretion to determine whether the specific circumstances warrant disgorgement of fees as an equitable remedy.

Therefore, we reverse and remand only for consideration of disgorgement of fees as a remedy if Cochran breached their fiduciary duty to Joudeh.  In all other respects, we affirm the trial court's summary judgment order.

WE CONCUR:

_____

_____, C.J.

_____, J.

---

[63] Id. at 157.

[64] Eriks, 118 Wn.2d at 462-63; Behnke, 172 Wn. App. at 298.  Contrary to Cochran's suggestion at oral argument, Taylor v. Bell, 185 Wn. App. 270, 340 P.3d 951 (2014), does not hold that there is a causation requirement for a party seeking the equitable remedy of disgorgement of fees after a finding that an attorney breached his or her fiduciary duty.