[No. 17867-6-III.    Division Three.    July 15, 1999.]

JIM SCHOFIELD, *Appellant,* v. SPOKANE COUNTY, *Respondent.*

*Frederick Joseph Dullanty, Jr.*, of *Witherspoon, Kelley, Davenport & Toole, P.S.*; and *Kelly Ann Nolen* of *Gonzaga University School of Law*, for appellant.

*James Richard Sweetser, Prosecuting Attorney*, and *Robert Blaine Binger, Deputy*, for respondent.

BROWN, J. — Jim Schofield, a developer, appeals a superior court order affirming a decision of the Spokane County Board of Commissioners reversing a hearing examiner's favorable land use decision. Mr. Schofield argues the Board's decision (1) was not supported by substantial evidence, (2) was an erroneous interpretation of law, and (3) was a clearly erroneous application of law to facts. We affirm.

## FACTS

Mr. Schofield applied to Spokane County for approval of a preliminary plat, rezone, and planned unit development (PUD) called Sportsman's Paradise on Spokane River's Long Lake. The plat consisted of approximately 56 acres divided into 10 single-family lots. A rezone classification from general agricultural (GA) to semi-rural residential-5 (SRR-5) was requested. Mr. Schofield proposed 6 of the 10 lots along the river. The lots varied in size from 1.13 acres to 6.66 acres. Eight of the lots were less than five acres in size.

Mr. Schofield's development comes within Section 15, Waterfront Development, of the Comprehensive Waste Management Plan (Plan). The detailed definition for characteristic features of "Waterfront Development" is included at page 162:

New development is intended to be contiguous and expand from the shoreline and outward away from the water body or existing development located adjacent the water body. Often, the design of these developments will include the clustering of home sites away from the shoreline area . . . .[1]

---

[1]This is an independent writing of the Board of County Commissioners under Resolution No. 96 0632, governed under RCW 36.70.970, and in accordance with Spokane Municipal Code 11.15.110.

The goal of Section 15.2 is to "encourage no further environmental degradation of streams, rivers and lakes and strive to improve their water quality." Section 15.2.7 specifies decision guidelines to accomplish goal objectives; the relevant part says:

> When a public sewer system does not exist, the following guidelines address sewage effluent:
>
> Parcels between 5 and 10 acres in size:
>
> . . . .
>
> b) require approval by health authorities of on-site sewage disposal system design greater than the minimum standards to ensure the least impact on water quality due to migrating pollutants; and
>
> c) require sewage disposal systems to be located at least 200 feet landward from the ordinary high water mark of the water body.
>
> Parcels less than 5 acres in size:
>
> . . . .
>
> d) require a connection to a central sewer system as described in the Comprehensive Wastewater Management Plan prior to occupancy, or both (2.) and (3.) below;
>
> e) require development to be served by sewage disposal systems that provide the water body protection equal to or greater than those listed below:
>
>> 1. collection and treatment utilizing sealed lagoon(s); or
>>
>> 2. collection and treatment utilizing holding tanks and transport/disposal at a licensed sewage disposal site; provided a public utility is maintaining the tanks; or
>>
>> 3. collection and treatment utilizing a proper and valid surface water discharge permit; or
>>
>> 4. connection to an existing approved public or private collection/treatment facility[.]

No central sewer system is available. Mr. Schofield proposed on-site septic systems for the eight lots less than five acres as well as the larger lots.

After public hearing, with testimony both pro and con,

and with generally favorable comment by reviewing agencies, the Hearing Examiner (Examiner) conditionally approved Mr. Schofield's proposal including on-site sewage disposal for all lots. Without specific reference to lots less than five acres, the Examiner mentioned in his findings and conclusions regarding Section 15.2.7 that "the density of the lots in the proposal is between one unit per five acres and one unit per ten acres." Under Spokane Regional Health District conditions set by the Examiner, the sewage disposal method was to be as authorized by the Director of Utilities, Spokane County. Project neighbors appealed to the Board.

The Board reversed and denied the application. It concluded the Examiner's decision was not supported by substantial evidence and was contrary to the Plan and zoning laws. The Board also concluded the Examiner "used the wrong criteria for both the sewage disposal system and interpretation of the waterfront development criteria." Mr. Schofield was, however, allowed to proceed on conditions that reduced the lots from 10 to 7, with 3 of the 7 adjacent to the water, and required "a sewage disposal system in conformance with parcels less than 5 acres in size."

Mr. Schofield unsuccessfully appealed to the superior court under the Land Use Petition Act, chapter 36.70C RCW. With his unsuccessful motion for reconsideration of the superior court decision, Mr. Schofield added a favorable affidavit from Daryl E. Way, the Assistant Director of the Environmental Health Division of the Spokane Regional Health District that essentially provided on-site sewer systems were feasible under certain circumstances. The parties disagree whether this court should consider Mr. Way's affidavit. Mr. Schofield appealed.

ANALYSIS

The issue is whether the trial court erred by affirming the Board's decision to reverse the Examiner's approval of Mr. Schofield's land use application and concluding substan-

tial evidence did not support the Examiner's decision, and the Examiner incorrectly interpreted or applied the comprehensive plan. Mr. Schofield contends the Board is bound by the Examiner's fact finding, thus, the Board's decision is not supported by substantial evidence and is contrary to law.

The Land Use Petition Act, RCW 36.70C.130, provides for superior court review of land use decisions but authorizes relief "only if the party seeking relief has carried the burden of establishing that one of the standards set forth in (a) through (f) of this subsection has been met." The standards at issue here are:

> (b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;

> (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

> (d) The land use decision is a clearly erroneous application of the law to the facts[.]

RCW 36.70C.130(1).

Issues raised under subsection (b) are questions of law, reviewed de novo. *City of Redmond v. Central Puget Sound Growth Management Hearings Bd.*, 136 Wn.2d 38, 46, 959 P.2d 1091 (1998). Regarding (c), substantial evidence is " 'a sufficient quantity of evidence to persuade a fair-minded person of the truth or correctness of the order.' " *Id.* (quoting *Callecod v. Washington State Patrol*, 84 Wn. App. 663, 673, 929 P.2d 510, *review denied*, 132 Wn.2d 1004 (1997)). The clearly erroneous test for (d) is whether the court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Pierce County*, 86 Wn. App. 290, 302, 936 P.2d 432 (1997). Our review is deferential. We view the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact-finding authority. *Dav-*

*idson v. Kitsap County*, 86 Wn. App. 673, 680, 937 P.2d 1309 (1997).

■ We are guided by general principles. (1) No presumption of validity favoring rezoning exists. (2) Rezone proponents have the burden of proving that conditions have changed since the original zoning. (3) A rezone must bear a substantial relationship to the public health, safety, morals, or welfare. *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 874-75, 947 P.2d 1208 (1997).

■ Mr. Schofield contends the Board erroneously interpreted the guidelines as requiring less intense development along the shoreline. A proposed land use decision must generally conform to a county's comprehensive plan. *Citizens for Mount Vernon*, 133 Wn.2d at 873. However, the provisions in the plan are to be used as a planning guide, not a land use decision-making tool. *Id.* In other words, strict adherence is not required. *Id.* The issue in *Citizens for Mount Vernon* was whether a provision in the comprehensive plan or a zoning ordinance controlled. The court concluded the zoning ordinance took precedence, holding "[i]f a comprehensive plan prohibits a particular use but the zoning code permits it, the use would be permitted." *Id.* at 874.

■ Here, however, there is no conflicting provision. The primary guide is the waterfront development section because the Plan alone addresses intensity of development near shorelines. Furthermore, deference should be given to an agency's interpretation of the law where the agency has special expertise in dealing with such issues. *City of Redmond*, 136 Wn.2d at 46. The Board found that placing six lots near the shoreline and four away "is designed completely opposite of what is recommended in the decision guidelines." Giving deference to the Board's expertise in this area, the Board did not erroneously interpret the law to require development to expand away from the shoreline. Moreover, this is a rezone proposal. The current zoning classification is GA, not SRR-5. Mr. Schofield must necessarily rely on the Plan to make the transition.

Next, Mr. Schofield contends the Board erroneously interpreted the guidelines to exclude on-site sewage disposal for lots less than five acres. He argues the density is .9 dwelling units per five acres. Plan guidelines represent policies and are thus not mandatory, however, they are not to be ignored. *Citizens for Mount Vernon*, 133 Wn.2d at 873. Considering the guideline purposes, the Board's interpretation was factually sound and not clearly erroneous. Allowing individual septic systems in close proximity to each other and to the water creates an inference of risk inconsistent with the Plan.

We view inferences in a light most favorable to the party that prevailed in the highest forum exercising fact-finding authority, in this case, the Board of County Commissioners. *Davidson*, 86 Wn. App. at 680. A city, town, or county legislative body is required to make a finding that appropriate provisions are made for sanitary waste before approving a proposed development. RCW 58.17.110(2). Deference is given to the Board's expertise. Its interpretation of the guidelines that they require more than on-site disposal for waterfront parcels less than five acres is not clearly erroneous or without reasonably factual inference.

Moreover, the Board acted consistently with Spokane County Ordinances (SCO) 96-071 and 96-0632. First, the Board must hear appeals from applications for zone changes or amendments to the classification of specific parcels of land. SCO 96-071(7). Second, the Board is *required* to set forth its reasons in writing and make written findings and conclusions as an appellate body that supports its decisions to reverse or modify an appealed decision. SCO 96-0632(6).

■■ Mr. Schofield argues density rather than lot size should control the interpretation and application of the Section 15.2.7 guidelines. We disagree. Since Mr. Schofield is requesting a PUD, rezone law applies. *See Johnson v. City of Mount Vernon*, 37 Wn. App. 214, 218-19, 679 P.2d 405 (1984) (regarding treatment of PUD as rezone). Lot size and density are different legal concepts in a zoning

context. *See Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 549-50, 958 P.2d 962 (1998). Therefore, we conclude the Board's interpretation of "lot" was not clearly erroneous.

Mr. Schofield contends the Board's findings are not supported by substantial evidence. "The test of substantial evidence is whether evidence is sufficient to persuade a fair-minded person of the truth of the declared premise." *Sparks v. Douglas County*, 127 Wn.2d 901, 910, 904 P.2d 738 (1995). The maps in the record show, and the parties do not dispute, that eight of Mr. Schofield's proposed lots are less than five acres in size. We conclude Finding of Fact 20 is supported by substantial evidence.

Mr. Schofield cites Mr. Way's affidavit to support his contention that the Board's application of law to facts was clearly erroneous. This court's review is based on the record of the agency not the trial court. RCW 34.05.558; *Batchelder v. City of Seattle*, 77 Wn. App. 154, 158, 890 P.2d 25, *review denied*, 127 Wn.2d 1022 (1995). Because Mr. Way's affidavit was not part of the Board's record, Mr. Schofield cannot use the affidavit here.

Furthermore, Mr. Schofield's burden is to establish the Board's application of law to these facts was clearly erroneous. *Victoria Tower Partnership v. City of Seattle*, 59 Wn. App. 592, 596, 800 P.2d 380 (1990), *review denied*, 116 Wn.2d 1012 (1991). We do not substitute our judgment for that of the Board's. Rather, we must be "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 86 Wn. App. at 302. Given our conclusions above, we cannot say the Board's interpretations of law or application of law to these facts was clearly erroneous.

Mr. Schofield argues the Board could not condition approval of a reapplication on reducing the number of lots from 10 to 7. The Board's decision denied the project "without prejudice to return a design which would reduce the number of parcels from 10 to 7" along with other requirements. Spokane County states this was part of dicta to facilitate the resubmission process. We hold the County to its concession.

Last, Mr. Schofield argues the Board's decision was arbitrary and capricious entitling him to damages and attorney fees. First, Mr. Schofield has not prevailed on any of his issues. Second, RCW 36.70C provides uniform procedures and criteria for addressing land use appeals. RCW 36.70C.010. RCW 36.70C.130(2) undercuts the necessity "to find that the local jurisdiction engaged in arbitrary and capricious conduct." Moreover, even a grant of relief does not by itself "establish liability for monetary damages or compensation." RCW 36.70C.130(2). Attorney fees are not mentioned thus, they are precluded under this section.

## CONCLUSION

We hold the trial court did not err by affirming the Board's decision reversing the Examiner's approval of Mr. Schofield's application for a preliminary plat, rezone, and PUD under the circumstances of this case. Substantial evidence did not support the Examiner's decision to permit on-site sewage disposal based upon density rather than lot size. Inversely, this record supported the Board's decision. The Board did not err when interpreting or applying the law in ways contrary to the Examiner.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.