IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL SCOTT MACLAY, | ) | |
| | ) | No. 31472-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF LICENSING, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Michael Scott Maclay, a former real estate broker, misused a lien statute. The Department of Licensing sanctioned Mr. Maclay and he appealed. We affirm.

FACTS

Nicholas Petrilli, Jr., and his wife entered into an exclusive listing agreement with Michael Scott Maclay to sell their house. The Petrillis became disenchanted with Mr. Maclay's services and sought to terminate the listing agreement.

Although the exact terms are unknown, the parties reached some form of agreement that resulted in the Petrillis listing their home as for sale by owner. After this change in advertising, the Petrillis found a buyer for their home.

Believing that he was still owed a commission, Mr. Maclay pestered the Petrillis and their attorney for payment; they refused. Mr. Maclay retaliated by filing a lien against the proceeds from the sale using the Commercial Real Estate Broker Lien Act, chapter 60.42 RCW.

The Petrillis, their attorney, and the title company all agreed that the lien was invalid and refused to honor it. When the lien failed to secure payment, Mr. Maclay returned to calling and e-mailing the Petrillis and their attorney. Fed up, Mr. Petrilli filed a complaint with the Washington State Department of Licensing (DOL).

The DOL investigation found that Mr. Maclay had improperly used the commercial lien act because it did not encompass the residential property at issue in this listing. The initial investigation also determined that the filing of this lien violated RCW 18.235.130(4) and RCW 18.86.030(1)(a) and (b) because the lien was improperly intended to cloud title and hold up the sale of the home. Based on these violations, and certain aggravating and mitigating factors that will not be addressed here, the DOL issued a $3,040 fine (five times the amount sought from the Petrillis) and a 90-day suspension, which would become a one-year suspension if there was any additional misconduct within five years.

Mr. Maclay appealed the decision through the brief adjudicative proceeding process offered by the DOL. The hearing officer in the brief adjudicative proceeding reviewed the record and substantially agreed with the investigator's findings. However, the hearing officer vacated the violation of RCW 18.86.030(1)(b) based on a lack of evidence, and accordingly modified the sanction to eliminate the 90-day suspension.

Mr. Maclay then sought an administrative review of the brief adjudicative proceeding. The director of the DOL reviewed the record of the brief adjudicative proceeding and affirmed. Mr. Maclay sought reconsideration, which the director denied.

Having exhausted his administrative remedies, Mr. Maclay sought review in superior court. The superior court reviewed the record and gave Mr. Maclay a hearing, but ultimately affirmed. Mr. Maclay now appeals to this court.

ANALYSIS

Under the Washington State Administrative Procedure Act, this court's review of the facts is confined to those contained in the agency record. RCW 34.05.558. Relief in this court requires proof of invalid agency action as defined by RCW 34.05.570(3) and resulting substantial prejudice. RCW 34.05.570(1). When reviewing appeals from administrative agencies, the Court of Appeals "sits in the same position as the superior court when reviewing an agency's decision." *Hunter v. Univ. of Wash.*, 101 Wn. App. 283, 288, 2 P.3d 1022 (2000).

This court "view[s] the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact finding authority." *Schofield v. Spokane County*, 96 Wn. App. 581, 586, 980 P.2d 277 (1999). Furthermore, because Mr. Maclay did not take proper exception to any of the DOL's findings of fact, this court must accept them as verities on appeal. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). However, this court reviews alleged misinterpretations and misapplications of law de novo. *Bullseye Distrib. LLC v. Gambling Comm'n*, 127 Wn. App. 231, 237, 110 P.3d 1162 (2005).

Mr. Maclay raises several issues in his opening and reply briefs. Most of these arguments lack reviewability due to Mr. Maclay's failure to provide citations to applicable legal authority and references to relevant parts of the record as required by RAP 10.3(a)(6). Of the issues presented by Mr. Maclay, we find one to be reviewable.

Mr. Maclay's main contention appears to be that the DOL, at all stages, acted arbitrarily and capriciously by not investigating facts that would support a violation of the statutes he was sanctioned under and by not explaining how his actions violated these statutes. We disagree.

The DOL sanctioned Mr. Maclay under RCW 18.235.130(4) and RCW 18.86.030(1)(a). RCW 18.235.130(4) states that it is unprofessional conduct for a license holder to act with "[i]ncompetence, negligence, or malpractice that results in harm or

4

damage to another or that creates an unreasonable risk of harm or damage to another."

RCW 18.86.030(1)(a) requires a broker to "exercise reasonable skill and care."

The DOL found that Mr. Maclay's filing of the commercial lien against residential property violated both of these statutes. The DOL clearly explained its position and reasoning in the investigator's letter to Mr. Maclay, and in greater detail in the hearing officer's findings of fact and conclusions of law. These findings and conclusions are correct.

The Commercial Real Estate Broker Lien Act only applies to property that falls within the definition of "commercial real estate." RCW 60.42.010. The definition of "commercial real estate" explicitly excludes "real property which is (a) improved with one single-family residential unit." RCW 60.42.005(1). However, the definition also provides that real estate will be considered "commercial real estate" "if the commission agreement so provides." *Id.* Here, the land was improved with one single-family residential unit and was explicitly considered in the commission agreement to be residential real estate. Thus, under no circumstances was the Petrillis' home the proper subject of a commercial lien.

A real estate broker using reasonable skill and care would have known that this act did not apply to the proceeds from the sale of Petrillis' property. Mr. Maclay's improper use of this act speaks for itself and shows that he at least acted negligently or incompetently and did not exercise reasonable skill and care. Accordingly, the DOL did

No. 31472-3-III
*Maclay v. Dep't of Licensing*

not err by finding that Mr. Maclay violated RCW 18.235.130(4) and RCW

18.86.030(1)(a).

Mr. Maclay's other contentions revolve around alleged irregularities in the DOL's

administrative procedures. Because Mr. Maclay has not cited to any statutes or

regulations that he believes were violated, his arguments are not reviewable by this court.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                                         Fearing, J.

6