IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANNA CARLSON, | ) | |
| | ) | No. 32309-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF SOCIAL AND HEALTH SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Anna Carlson appeals from a decision remanding her administrative action for hearing due to failure to exhaust remedies. We affirm.

FACTS

Ms. Carlson was appointed as attorney-in-fact for her parents. Both orders of appointment allowed Ms. Carlson to give gifts to herself and expressly stated that any gifts were not a breach of her fiduciary duties to her parents. Her mother lived in an assisted living center and her father had multiple sclerosis and was a Medicaid recipient. The living center does not accept Medicaid payments. It costs $3,000 per month, while the mother's income was less than $2,000 per month. To help cover the deficit, Ms. Carlson signed a promissory note for her mother. The note was not paid, leading to a complaint by the care center.

Ms. Carlson transferred money from her parents' accounts totaling $8,075 in 2009, $4,825 in 2010, and $4,825 in 2011, to herself. She explained that the payments were reimbursements for bills paid on behalf of her parents, payment for her actions as attorney-in-fact, or gifts from her parents. In late 2011, the Adult Protective Services (APS) division of the Department of Social and Health Services (DSHS) notified Ms. Carlson of the complaint and its belief that she had financially exploited a vulnerable adult based on her actions in taking her mother's money for her own instead of paying the assisted living center.

Ms. Carlson requested a hearing before the Office of Administrative Hearings and marshalled her evidence to the allegation. Prior to the hearing, she moved for summary judgment, arguing that as a matter of law gifting was permitted by the attorney appointments and could not constitute elder abuse. The Administrative Law Judge (ALJ) agreed with the argument and granted summary judgment, concluding as a matter of law that there was no elder abuse because the appointment permitted the gifting.

DSHS appealed to the Board of Administrative Appeals (BOAA). The BOAA reversed, concluding that an attorney-in-fact could financially exploit a vulnerable adult even while acting within the scope of the appointment. The BOAA remanded the matter for hearing to determine if Ms. Carlson had, in fact, exploited her parents. The remand order carried boilerplate language advising Ms. Carlson that she had a right to seek

reconsideration or appeal the decision to superior court. Ms. Carlson exercised the latter option and sought review by the Kittitas County Superior Court.

DSHS moved to dismiss the petition for review, arguing that Ms. Carlson had failed to exhaust her administrative remedies. After reviewing briefing and hearing oral argument, the superior court agreed that exhaustion of remedies was required. It dismissed the matter without prejudice and remanded for administrative hearing. Ms. Carlson then timely appealed to this court.

## ANALYSIS

Ms. Carlson argues that exhaustion was not required in this case, fairness and practicality justify ignoring the exhaustion requirement, and that DSHS waived exhaustion by advising her that she could seek superior court review. We address each of those three arguments in the order stated.

*Exhaustion Requirement*

Ms. Carlson first argues that exhaustion of remedies is not required because she presents solely an issue of law that can be decided by a court. However, administrative hearings can resolve legal issues as well as factual ones, and administrative resolution of the case would develop the record and could conceivably forestall the need for this court to opine on the legal question.

The parties do not dispute the well understood standards governing this appeal, but only the application of those standards to the facts of this case. When reviewing appeals

3

from administrative agencies, the Court of Appeals "sits in the same position as the superior court when reviewing an agency's decision." *Hunter v. Univ. of Wash.*, 101 Wn. App. 283, 288, 2 P.3d 1022 (2000). This court views "the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact-finding authority." *Schofield v. Spokane County*, 96 Wn. App. 581, 586, 980 P.2d 277 (1999). This court reviews alleged misinterpretations and misapplications of law de novo. *Bullseye Distrib. LLC v. Gambling Comm'n*, 127 Wn. App. 231, 237, 110 P.3d 1162 (2005).

It is a basic principle of administrative law that an aggrieved party must pursue all administrative remedies before turning to the courts if the agency has the power to grant the relief sought. *CLEAN v. City of Spokane*, 133 Wn.2d 455, 465, 947 P.2d 1169 (1997). The Washington Administrative Procedure Act (APA) codifies the requirement by mandating that judicial review is available "only after exhausting all administrative remedies available within the agency whose action is being challenged, or available within any other agency authorized to exercise administrative review. . . ." RCW 34.05.534. This court reviews de novo the questions of whether administrative remedies need be, and were in fact, exhausted. *Cost Mgmt. Serv., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013).

A party exhausts administrative remedies when there is a final agency determination. *Rains v. Dep't of Fisheries*, 89 Wn.2d 740, 744, 575 P.2d 1057 (1978).

4

WAC 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—the Department of Social and Health Services chapter—defines

"final finding" as:

> **"Final finding"** means the department's substantiated finding of abandonment, abuse, financial exploitation or neglect is upheld through the administrative appeal process specified in WAC 388-71-01205 through 388-71-01280, or is not timely appealed to the office of administrative hearings. The alleged perpetrator can appeal a final finding to Superior Court and the Court of Appeals under the Administrative Procedure Act, chapter 34.05 RCW.

WAC 388-71-01275 describes when the Adult Protective Services substantiated

initial finding becomes a final finding:

> A substantiated initial finding becomes a final finding when:
> (1) The department gives the alleged perpetrator notice of the substantiated initial finding pursuant to WAC 388-71-01210 and the alleged perpetrator does not request an administrative hearing as set forth in WAC 388-71-01240; or
> (2) The ALJ dismisses the hearing following default or withdrawal by the alleged perpetrator, or issues an initial order upholding the substantiated finding and the alleged perpetrator fails to file a request for review of the ALJ's initial decision with the department's board of appeals consistent with the procedures contained in chapter 34.05 RCW and chapter 388-02 WAC; or
> (3) The board of appeals issues a final order upholding the substantiated finding when a request for review to the department's board of appeals is made consistent with the procedures contained in chapter 34.05 RCW and chapter 388-02 WAC.
> (4) The final finding will remain as substantiated in the department's records unless the final finding is reversed after judicial review.

WAC 388-71-01275.

Under these definitions of finality, Ms. Carlson has not exhausted her

administrative remedies. Initially, she successfully sought summary judgment, but the

agency reversed itself, overturning the grant of summary judgment and remanding the matter for hearing. In essence, she is in the same position as if her motion for summary judgment had been denied in the first place. There is no "final determination" that would establish that Ms. Carlson has exhausted her administrative remedies under RCW 34.05.534 and WAC 388-71-01275.

Nonetheless, she argues that the exhaustion requirement should be excused because her case presents (at this point) solely a legal issue. The APA provides for limited exceptions to the exhaustion requirement. RCW 34.05.534 states in pertinent part:

> The court may relieve a petitioner of the requirement to exhaust any or all administrative remedies upon a showing that:
> (a) The remedies would be patently inadequate;
> (b) The exhaustion of remedies would be futile; or
> (c) The grave irreparable harm that would result from having to exhaust administrative remedies would clearly outweigh the public policy requiring exhaustion of administrative remedies.

As noted, whether a matter is an issue of law is not outlined as an exception to the exhaustion requirement in this statute. Notwithstanding this, at least one Washington case has recognized that a reviewing court may choose to resolve an issue that is purely an issue of law, and that "failure to exhaust administrative remedies does not necessarily preclude such resolution." *Retail Store Emp. Union, Local 1001, et al. v. Wash. Surveying & Rating Bureau, et al.*, 87 Wn.2d 887, 907 n.7, 558 P.2d 215 (1976)

(declining to require exhaustion of one legal issue, while requiring exhaustion of other claims).

Washington courts have identified several policy bases for the exhaustion rule:

(1) insure against premature interruption of the administrative process; (2) allow the agency to develop the necessary factual background on which to base a decision; (3) allow exercise of agency expertise in its area; (4) provide for a more efficient process; and (5) protect the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts.

*Cost Mgmt. Serv.*, 178 Wn.2d at 642.

All of the policy bases for the rule requiring Ms. Carlson to exhaust her administrative remedies listed above favor exhaustion here: (1) "insure against premature interruption of the administrative process"—if the superior court had accepted the case at the time Ms. Carlson had requested, it would have resulted in a premature interruption of the administrative process—namely, the agency had not had the opportunity to conduct a hearing; (2) "allow the agency to develop the necessary factual background on which to base a decision"—this can only be done if a hearing is conducted; (3) "allow exercise of agency expertise in its area"—the agency is in a position to interpret the financial exploitation statute, particularly in providing guidance on when assets may be used for other than the owner's personal care; (4) "provide for a more efficient process"—if the superior court and this court were to rule against Ms. Carlson's interpretation, she would have to participate in the agency hearing, at which point the agency might resolve the

case on factual grounds, possibly leading to another round of appeals; (5) "protect the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts"—this is quite precisely what the agency in this case is attempting to do here: correct its own error involving the summary judgment.

Notwithstanding the statutory requirements and the policy reasons, the primary question in exhaustion cases remains "whether the relief sought can be obtained through an available administrative remedy; if so, the party seeking relief must first seek relief through the administrative process." *Cost Mgmt. Serv.*, 178 Wn.2d at 642. In the present case, the relief sought by Ms. Carlson can be obtained through an available administrative remedy. She could very well prevail at the administrative hearing.

Additionally, policy reasons favor exhaustion in the present case. The exhaustion rule "is founded upon the belief that the judiciary should give proper deference to that body possessing expertise in areas outside the conventional expertise of judges." *Citizens for Mount Vernon v. City of Mount Vernon*, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997). At its heart, this case presents the question of when, if ever, gifting is permissible when an estate has less income than currently is needed for monthly expenses. Can gifting be part of an estate plan even though assets also will be needed for anticipated care expenses? Is it appropriate to make gifts when care bills remain unpaid? Competing

8

interests must be balanced, requiring a financial analysis justifying the action. Agency expertise can inform these decisions in the event of judicial review.

We conclude that that the trial court correctly determined that exhaustion of administrative remedies was appropriate in this instance. The administrative process will inform, if not obviate, future judicial review. This is not one of the very rare cases in which the exhaustion requirement should be waived.

*Fairness and Practicality*

Ms. Carlson also argues that considerations of "fairness and practicality" require that the exhaustion requirement not be applied to her case. Having progressed this far, she sees no need to expend attorney fees at the administrative level only to return to the courts for resolution of her legal claim. She also fears that she may continue to prevail with the ALJ only to be remanded by the BOAA, condemning her, like Sisyphus, to endless administrative toil.

Although we have carefully considered her claims, we need only briefly address them because the previous analysis largely covers these concerns. As already noted, we believe that this is a case appropriate for resolution by administrative hearing after allowing DSHS to attempt to prove its case and allowing Ms. Carlson to defend that

action and assert her authority under the appointment.[1] She can still present her argument and any appeal would progress on a full record to the benefit of both parties.

Although the case has progressed to this point as a result of her own actions in attempting to win by early knockout, she is not without remedy in the unlikely event the case does fall into the repetitious pattern she fears. The first two exceptions to the exhaustion requirement permit judicial review when the administrative remedies are inadequate or exhaustion would be futile. RCW 34.05.534. A failure of the administrative process to resolve an action would appear to satisfy one or both of these exceptions. We do not believe she would be stuck in an infinite administrative loop.

Accordingly, Ms. Carlson's practicality and fairness argument does not trump the statutory requirements set by the legislature.

*Waiver*

Finally, Ms. Carlson contends that DSHS waived the exhaustion requirement when it notified her that she could seek further review in superior court. Notice of statutory rights does not constitute a waiver of other statutory requirements.

The notice in question read:

---

[1] While we do not express any opinion on the merits of her legal argument, we do note that courts seldom adopt absolutist rules, particularly where those rules would be in derogation of a statute. If the facts of this case had shown that Ms. Carlson paid herself $10,000 per hour or had gifted all of her parents' assets to herself and paid none of their expenses, we suspect that she would not be asserting this same position. We also highly doubt that a court would accept the absolutist argument under those facts.

> If You Disagree with the Judge's Review Decision or Order and Want it Changed, You Have the Right to:
> (1) Ask the Review Judge to reconsider (rethink) the decision or order (10 day deadline):
> (2) File a Petition for Judicial Review (start a Superior Court case) and ask the Superior Court Judge to review the decision (30 day deadline).

Clerk's Papers at 19. Although the language does imply that Ms. Carlson may seek review from the superior court, as is her statutory right, she does not explain how such boilerplate language could waive the statutory requirement that administrative remedies be exhausted.

Ms. Carlson cites *Weinberger v. Salfi*, 422 U.S. 749, 763-67, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975) and *Mathews v. Eldridge*, 424 U.S. 319, 326-28, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) to support her contention that an administrative agency can waive the exhaustion of remedies requirement. Those cases do not aid her.

*Salfi* was an action challenging the Social Security Act's duration-of-relationship eligibility requirements for surviving wives and stepchildren of deceased wage earners. The United States Supreme Court concluded that "final decision" was not defined by the statute, and that whether a matter had reached a final decision was left to the discretion of the secretary. Because the agency did not challenge the sufficiency of the allegations of exhaustion in the widow's complaint, the court interpreted "this to be a determination by him that for the purposes of this litigation the reconsideration determination is 'final.'"

11

422 U.S. at 767. The court then concluded that the exhaustion requirement was satisfied. *Id.*

In *Eldridge*, Mr. Eldridge did not exhaust the full set of internal-review procedures provided, but asserted that the exhaustion requirement should be waived in his case because he was raising a deprivation of benefits issue and that an erroneous termination would damage him in a way not compensable through retroactive payments. The court recognized that the secretary of the Social Security Department "may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Id.* at 330. The court also recognized that other "cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Id.* at 330. The *Eldridge* court concluded the request for benefits constituted a final decision for purposes of 42 U.S.C. § 405(g).

The present case is distinguishable from those cases on several grounds. First, it is distinguishable because, as discussed above, WAC 388-71-01275 lays out several layers of review before a substantiated finding becomes a final finding for purposes of review, unlike the ambiguous language of 42 U.S.C. § 405(g), (h), which did not even define "final decision." Additionally, in *Salfi*, the court found waiver where two levels of review had been pursued and the agency did not challenge whether exhaustion was

satisfied. Here, DSHS does challenge Ms. Carlson's lack of exhaustion. Also, in both *Salfi* and *Eldridge* the parties were challenging the constitutionality of the statutory scheme or agency action, an issue not raised here. Further, Mr. Eldridge raised an issue that demonstrated inadequate remedies and irreparable harm, both of which are exceptions to the exhaustion requirement in Washington. RCW 34.05.534(3)(a) and (c).

We believe this case is more like *Cunningham v. Railroad Retirement Board*, 392 F.3d 567 (3d Cir. 2004). There the issue was whether Ms. Cunningham exhausted her administrative remedies when she failed to timely file an administrative appeal from a denial of benefits. She argued that the Railroad Retirement Board waived the exhaustion requirement when a cover letter, sent along with a decision, inadvertently advised her that she "'may seek judicial review of the Board's opinion by filing a petition for review with an appropriate United States court of appeals.'" *Id.* at 578. The court declined to find waiver in such a case asserting that it was "not in a position to ignore the jurisdictional prerequisite of [the statute] on account of the cover letter mailed by the RRB." *Id.* at 579.

Similar to *Cunningham*, here RCW 34.05.534 requires a final agency determination prior to judicial jurisdiction. WAC 388-71-01275 defines what is "final" for purposes of RCW 34.05.534. The cover letter here simply does not permit this court to ignore the jurisdictional prerequisite of RCW 34.05.534. The authority on which Ms. Carlson relies is not apropos.

No. 32309-9-III
*Carlson v. D.S.H.S.*

The judgment of the superior court is affirmed and the matter remanded for administrative hearing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

14