# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DALJIT SANGHA, | ) | DIVISION ONE |
| Appellant, | ) | No. 72955-1-I |
| v. | ) | |
| KING COUNTY and its departments and/or agencies, KING COUNTY RECORDS AND LICENSING SERVICE DIVISION, and the KING COUNTY BOARD OF APPEALS, | ) | UNPUBLISHED OPINION |
| Respondents. | ) | FILED: July 13, 2015 |

PER CURIAM — The King County Records and Licensing Services Division (KCRL) denied Daljit Sangha's application to renew his for-hire driver's license. The King County Board of Appeals (Board) and the superior court affirmed. Sangha appeals, arguing that the Board and superior court erred in concluding that his driving record warranted the denial of his license renewal. Specifically, he contends there was insufficient competent evidence to establish his fault for a 2013 traffic accident, and therefore the nonrenewal of his license was arbitrary and capricious. But Sangha's driving record and the citation for the 2013 accident indicate that the accident resulted from his "failure to yield," and Sangha provides no analysis or authority supporting his conclusory challenge to this evidence. Furthermore, the Board based its decision on his entire cab driving record, which included another at fault accident and three other traffic violations. The nonrenewal of his license is thus supported by sufficient evidence and was not arbitrary and capricious. We affirm.

FACTS

On December 4, 2013, Daljit Sangha applied to renew his for-hire driver's license. KCRL obtained a copy of Sangha's Washington State Department of Licensing driving record, which revealed an at fault accident and three other traffic violations since 2011, including negligent driving in the second degree and speeding. His record also included a failure to yield violation that caused an accident on April 19, 2013. All of these violations occurred during Sangha's operation of his taxicab, and two occurred during the transport of a passenger.

By letter dated January 28, 2014, KCRL manager Jodie Trueblood denied Sangha's renewal application. The letter listed his five at fault moving violations and stated in part: "These indicate that you operate your cab with a willful and wanton disregard for the safety of others which is a direct violation of KCC 6.64.600 B.2."[1]

The Board and superior court affirmed. Sangha appeals.

ANALYSIS

Sangha contends that the Board and superior court erred in concluding that his driving record warranted denial of his for-hire license renewal. We disagree.

This court "stand[s] in the same position as the superior court when reviewing an administrative decision." Swoboda v. Town of La Conner, 97 Wn.

---

[1] Under KCC 6.64.600 B.3, "[t]he director may deny any for-hire driver license application if the . . . applicant . . . has been proven by a preponderance of the evidence . . . to have exhibited past conduct in driving or operating as a for-hire driver that would lead the director to reasonably conclude that the applicant will not comply with the provisions of the chapter related to driver and operator conduct and the safe operation of the vehicle."

2

App. 613, 617, 987 P.2d 103 (1999). We therefore "apply the appropriate standard of review directly to the administrative record." Wilson v. Emp't Sec. Dep't, 87 Wn. App. 197, 200, 940 P.2d 269 (1997). We review the entire record to determine whether the evidence was both competent and sufficient to support the agency's decision, or whether the decision was arbitrary and capricious. Andrew v. King County, 21 Wn. App. 566, 575, 586 P.2d 509 (1978). "[W]e review the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact-finding authority," here, the Department of Licensing and the superior court, respectively. Boehm v. City of Vancouver, 111 Wn. App. 711, 716-17, 47 P.3d 137 (2002) (citing Schofield v. Spokane County, 96 Wn. App. 581, 586, 980 P.2d 277 (1999)).

Sangha contends that the Board did not have competent and sufficient evidence "to conclude that the April 19, 2013 citation for involvement in an accident was adequate to deny renewal of [his] for-hire license." Without citing authority, he simply states in conclusory fashion that the trooper who issued the citation was not present at the time of the accident and that the citation "is not adequate evidence upon which to establish fault." Sangha's failure to cite any authority or provide any meaningful analysis is fatal to his claim. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).[2]

---

[2] We note that Sangha does not allege that he contested the citation, and that both his driving record and the citation for the April 19, 2013 incident indicate that his "failure to yield" caused the accident.

In any event, the licensing manager, the Board, and the superior court all relied on Sangha's entire driving record, not just the 2013 accident. Sangha's driving record provided substantial competent evidence to support the Board's findings and conclusions.[3] The Board's decision was not arbitrary and capricious.

Affirmed.

FOR THE COURT:

Spearman, C.J.

Trickey, J

Verellen

---

[3] Sangha implies that the Board could only consider changes in his driving record occurring since his last license renewal. But he again fails to provide any analysis or authority supporting this implied argument.

4