

**FILED**
**JULY 16, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LENARD BEIERLE and AG AIR FLYING SERVICE, INC., a Washington Corporation, | ) ) ) ) | No. 36145-4-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Respondent. | ) ) | |

KORSMO, J. — Lenard Beierle and Ag Air Flying Services, Inc., appeal from administrative sanctions imposed after an aerial spraying application was found to have drifted on to workers on nearby land. We affirm.

FACTS

Although this appeal is unusually factually-dependent, with error assigned to 17 findings of fact and 7 conclusions of law (several of which include findings of fact), the circumstantial nature of the case suggests a generic view of the evidence will suffice. The evidence developed at the hearing consisted of testimony from expert witnesses and some of those present at the scene on August 27, 2014. There are also a number of uncontested factual findings that permit a fair summary of the case.

Mr. Beierle, an employee of Ag Air Flying Services, received a work order to spray a potato field in the Mattawa area. He applied one load of pesticides between 7:55 a.m. and 8:05 a.m., reloaded his plane, and applied a second load between 8:27 a.m. and 8:37 a.m. The pesticides were Mana Silencer and ORO WetCit. The main ingredient of the Silencer is lambda-cyhalothrin (lambda). Farm workers were tying vines in an apple orchard to the west of the potato field. The workers saw Beierle's plane around 8:00 a.m. and immediately thereafter many reported smelling a strong odor and experiencing symptoms. Among the symptoms reported were scratchy eyes and throats, respiratory discomfort, dizziness, skin rash, and nausea.[1]

Upon being accused that day of spraying the workers, Mr. Beierle immediately requested an investigation by the Department of Agriculture (DOA); investigator Matt West started an investigation that same day. He interviewed witnesses, collected samples and weather station data, reviewed records, communicated with the Department of Health, and generated aerial maps of the area. West found lambda in several of the samples he took in the orchard, on worker clothing, and on a truck driven by a worker who reported that the vehicle had been sprayed.

At the conclusion of the investigation, DOA issued a Notice of Intent determining that Beierle had violated RCW 15.58.150(2)(c), WAC 16-228-1500(1)(b), WAC 16-228-

---

[1] It appears none of the workers suffered long-term health problems.

2

No. 36145-4-III
*Beierle, et al v. Dep't of Agric.*

1200(1), and WAC 16-228-1220(2) by exposing the farm workers to pesticide drift.
DOA sought a 90-day suspension of Beierle's pesticide applicator license and a $7,500
fine.

The matter went to hearing. An administrative law judge (ALJ) found the
violations committed, but modified the penalty to $550 and a nine-day license suspension.
Both sides appealed to the Director of DOA. The Director affirmed the ALJ's order.
Beierle then sought review in the Grant County Superior Court. Concluding that there
was sufficient evidence to support the findings, the superior court affirmed.

Mr. Beierle appealed to this court. A panel considered his appeal without hearing
argument.

ANALYSIS

This appeal challenges the evidentiary basis for numerous findings and the
sufficiency of the evidence to support the sanctions. We first note the standards of review
governing this appeal before turning, in the order stated, to the two issues presented.

Review of administrative hearing appeals is governed by well settled standards.
We review the final administrative decision, not that of the superior court. *Alpha Kappa
Lambda Frat. v. Wash. State Univ.*, 152 Wn. App. 401, 413, 216 P.3d 451 (2009). The
nonprevailing party below bears the burden of proving the decision was incorrect. *Id.*
Under the Washington Administrative Procedure Act, ch. 34.05 RCW, an appellate court
will reverse an administrative decision solely for specific, enumerated reasons. RCW

3

34.05.570. As relevant here, those reasons include the situation where an agency's order is not supported by substantial evidence or is based on an error of law. RCW 34.05.570(3)(d), (e). Like the superior court, this court reviews an administrative determination for substantial evidence and gives de novo review to the conclusions of law. *Heidgerken v. Dep't of Nat. Res.*, 99 Wn. App. 380, 384, 993 P.2d 934 (2000).

*Factual Findings*

This appeal challenges 17 factual findings and portions of 7 conclusions[2] that also include factual determinations. Only two of those challenges have merit.

In evaluating a challenge to the sufficiency of the evidence to support a finding, this court looks to see if the finding is supported by "substantial evidence" in the record as a whole. RCW 34.05.570(3)(e). "Substantial evidence" is evidence sufficient "to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012). This court views "the evidence and any reasonable inferences in the light most favorable to the party that prevailed in the highest forum exercising fact-finding authority." *Schofield v. Spokane County*, 96 Wn. App. 581, 586, 980 P.2d 277 (1999).

---

[2] Conclusions of Law 7, 14, and 15 are actually findings of fact and we will treat them as such. *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963). Each is supported by the evidence.

DOA concedes Mr. Beierle's challenge to Finding of Fact 43: "There is insufficient information in the record to determine whether either Mana Silencer or Oro WetCit has an identifiable odor when sprayed from an aerial applicator." Clerk's Papers (CP) at 648. Six farm workers testified that they smelled an odor shortly after observing Beierle's plane and the onset of their symptoms, although none could agree on what the odor smelled like. Since the evidence suggests that the application does have an odor, although perhaps difficult to describe, this finding is not supported by the evidence.

Finding of Fact 46 indicates that DOA properly handled all samples collected by Mr. West during his investigation and that there was no evidence of improper handling. CP at 648. However, DOA was unable to find one of the clothing samples when Beierle desired to test it and a DOA lab manager testified it could not be located. Thus, to the extent that this finding indicates *all* samples were properly handled, it is erroneous.

The remaining factual challenges are without merit and need not be discussed in detail. Some of the challenges are to inferences drawn from the evidence or involve credibility determinations. For instance, both sides presented evidence concerning whether the pesticide particles could travel to the orchard, which was slightly more than one-half mile from the potato field, given their size and the weather conditions at the time of application. The DOA expert's testimony indicated that it could, while Mr. Beierle's expert did not believe it was possible. The Director, like the ALJ, was free to credit the testimony of the DOA expert. Given the supporting evidence showing the presence of

the lambda on the workers and in the orchard, it is understandable that the Director concluded that the DOA expert was correct.

The other challenges are similar in nature or are mere quibbles with the language used in the findings. For instance, Beierle challenges Finding of Fact 4 which states: "The next field to the west of the Timothy Field, also paralleling Road 24 SW, is the Grant 24 apple orchard (Apple Orchard)." Mr. Beierle argues that the two fields are separated by two roads, a strip of land, and an irrigation canal and are not immediately adjacent to each other. This claim is without merit. The finding says that the orchard is the *next field*. It does not indicate that the two fields abut. The finding is correct.

With the exception of the two noted findings, the remaining findings all are supported by the testimony or by inferences properly drawn from the testimony. Accordingly, substantial evidence supports them.

*Violation Determination*

Mr. Beierle next argues that some conclusions of law supporting the violation determination are incorrect, largely for factual reasons. Since the conclusions were reasonably drawn from the evidence, we affirm.

The typical burden of proof in an administrative proceeding is the preponderance of the evidence standard. *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 797, 982 P.2d 601 (1999). "The preponderance of the evidence standard requires that the evidence

6

establish the proposition at issue is more probably true than not true." *Mohr v. Grant*, 153

Wn.2d 812, 822, 108 P.3d 768 (2005).

Mr. Beierle challenges Conclusion of Law 16:

Because the Mana Silencer and Oro WetCit labels provide that an application must avoid contact with human skin and eyes, and be conducted under certain conditions to avoid drift, it is concluded that the Appellant conducted the aerial application "inconsistent with labeling" in violation of RCW 15.58.150(2)(c).

CP at 651.

RCW 15.58.150(2)(c) provides in part: "It shall be unlawful . . . For any person to

use or cause to be used any pesticide contrary to label directions." The label for Silencer

directs: "Do not apply this product in a way that will contact workers or other persons,

either directly or through drift." CP at 1722. The label for WetCit directs: "Do not get in

eyes or on clothing. Avoid contact with skin." CP at 1858.

The evidence strongly supported the determination that the orchard workers were

sprayed with lambda. They reported being sprayed, smelling a strange odor, and they

suffered symptomology largely consistent with exposure to the pesticides. The

investigation found samples of lambda on the workers' clothing, on a truck, and in the

orchard. Mr. Beierle applied the pesticides that day, and no one else had used similar

products within a mile of the field for at least a month. The evidence certainly supported

the determination that the orchard workers were exposed to the pesticides contrary to the

warnings on the labels.

7

Mr. Beierle also challenges Conclusion of Law 17:

Also, given that the Appellant's aerial application of the pesticides directly impacted the Farm Workers in the Apple Orchard to the extent that the Farm Workers left work and sought either medical treatment or recovery time, it must be concluded that the Appellant applied pesticide ". . . in such a manner as to endanger humans and their environment. . ." in violation of WAC 16-228-1200(1) and ". . . caused damage or injury to . . . humans. . ." in violation of WAC 16-228-1220(2).

CP at 652.

Two provisions of the Washington Administrative Code are at issue. "No person shall handle, transport, store, display, apply, dispose of or distribute pesticides in such a manner as to endanger humans and their environment." WAC 16-228-1200(1). "No person shall transport, handle, store, load, apply, or dispose of any pesticide . . . in such a manner as to . . . cause damage or injury to . . . humans." WAC 16-228-1220(2).

As explained previously, the evidence allowed the Director to conclude that the orchard workers were sprayed with pesticide(s) containing lambda and that Mr. Beierle was the one whose application of those pesticides in a nearby field was responsible for accidentally spraying the workers. The investigation eliminated other possible causes and the onset of the symptomology at the same time Mr. Beierle was spraying created a strong case against him. The evidence supported the conclusion.

Based on the previous two conclusions, the Director entered one final conclusion of law that is challenged by Mr. Beierle. Conclusion of Law 18 states:

No. 36145-4-III
*Beierle, et al v. Dep't of Agric.*

Based on the findings of fact and conclusions above, it is concluded that the Department has shown by a preponderance of the evidence that the Appellant violated RCW 15.58.150(2), WAC 16-228-1200(1) and WAC 16-228-1220(2), and the April 28, 2015 Notice of Intent should be affirmed.

CP at 652.

Mr. Beierle presented evidence that he performed his application in an appropriate manner and could not be the responsible party. DOA weighed the contrary evidence presented after the investigation and found it sufficient to support a determination that Mr. Beierle was the one who sprayed the workers. Since the evidence supported that determination, the administrative adjudication has a solid basis in fact and in law.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.

9