[No. 17499.  Department One.  January 20, 1923.]

J. G. LUGER, *Appellant,* v. J. D. WINDELL, *Defendant.*
FLETCHER LUGER, *by his Guardian ad Litem* J. G.
LUGER, *Appellant,* v. J. D. WINDELL, *Defendant,*
NEW AMSTERDAM CASUALTY COMPANY,
*Respondent.*[1]

GARNISHMENT (54)—DISCHARGE—ATTORNEY'S FEES.  The garnishee is entitled to attorney's fees, under Rem. Comp. Stat., § 704, where he denied liability and the writ was dismissed.

SAME (54)—ATTORNEY'S FEES—AMOUNT.  An allowance of attorney's fees to a garnishee upon dismissing the writ, is conclusive where the parties agreed that the court should fix the fee, and the allowance was not unreasonable.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered November 28, 1922, in favor of a garnishee defendant, upon application to the court to fix attorney's fees and costs in a garnishment proceeding.  Affirmed.

*E. Eugene Davis* and *Fred Miller,* for appellant.

*Danson, Williams & Danson (R. E. Lowe,* of counsel), for respondent.

MITCHELL, J.—J. G. Luger recovered a judgment against one Windell in the superior court.  Thereupon, at the instance of Luger, a writ of garnishment was served on the New Amsterdam Casualty Company, under the allegation that it was indebted to, or had in its possession the property of, Windell, which should be made applicable in satisfaction of the judgment. The casualty company answered the writ, denying any indebtedness or that it held any property belonging to Windell.  The answer was controverted by a reply on the part of Luger.  Upon a trial of the issues thus

[1]Reported in 212 Pac. 276.

made, judgment was entered in favor of Luger and against the casualty company. It appealed to this court, with the result that the judgment was reversed. *Luger v. Windell,* 116 Wash. 375, 199 Pac. 760.

Thereafter, in the superior court, the casualty company made an application to the court to fix the attorneys' fees to be allowed it as against Luger, the plaintiff in the garnishment proceedings, and for a judgment dismissing the garnishment proceedings. Upon hearing the application, counsel for both parties being present, the trial court entered a judgment referring to the application and Luger's answer thereto, and reciting in the judgment as follows:

"And said matter having been submitted to the court and no evidence having been introduced other than the records in this case and the admission that the said garnishee defendant had paid its attorneys for the services in this court in the said garnishment proceedings the sum of $150, and in the supreme court the sum of $225, and the parties having agreed that this court before which the garnishment proceedings was tried might determine the reasonable amount of attorney's fees, if any, to be allowed the garnishee defendant, from its own knowledge without the introduction of evidence, and the court now having found that the sum of $375 is a reasonable attorney's fee to be allowed to garnishee defendant, and it further appearing that the costs taxed in the supreme court have not been paid to nor received by the garnishee defendant.

"It Is, Therefore, Ordered that this proceeding instituted by plaintiffs against said New Amsterdam Casualty Company, a corporation, as garnishee defendant be and the same is dismissed with prejudice, and that the said garnishee defendant do have and recover of and from said J. G. Luger and said Fletcher Luger, by his guardian ad litem, J. G. Luger, the sum of $350 attorney's fees, being the amount which the court has found reasonable, deducting therefrom the statutory attorney's fees allowed in the supreme court,

and that said garnishee defendant further recover its costs in this court taxed at $..........."

Luger has appealed from the judgment.

While several assignments of error have been mentioned in appellant's brief they relate to a single question. As stated in his brief, "The foregoing assignments all refer to one matter and may in argument be treated together." That one matter is the allowance of an attorney's fee. There can be no question that the casualty company was entitled to an attorney's fee under § 704, Rem. Comp. Stat., which is as follows:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee for attorney's fees, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon such costs shall be taxed against the defendant and included in the judgment. Where the answer is controverted the costs shall abide the issue of such contest."

The judgment appealed from recites that both parties agreed that an attorney's fee should be fixed by the court, while as to the amount allowed, the appellant is not situated so as to successfully complain, for the judgment further recites that the parties agreed that the court should determine the amount to be allowed, from its own knowledge without the introduction of any evidence. The court found $375 to be reasonable, from which it ordered deducted the casualty company's statutory attorney's fee in the supreme court. Appellant must abide by his stipulation and agreement in the trial court to leave that matter to the judgment of the trial judge. We have nothing before us to show that the amount is not reasonable, nor to justify us in considering several arguments made by the appellant of matters that are beyond the scope of the agreement and the judgment entered thereon.

Among other things, appellant contends that the casualty company has waived, in part at least, any right to recover an attorney's fee. But this is in no way even referred to in the judgment, and in the absence of any statement of facts or findings, we cannot inquire into it. The case, so far as it relates to attorney's fees, was narrowed down to the single question of its reasonableness, in the judgment of the trial court, within its personal knowledge and without any evidence being introduced. We think the judgment is conclusive, for aught that appears in the record.

Affirmed.

PARKER, HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.