[No. 24650-7-III.   Division Three.   February 13, 2007.]

JEFF ZINK ET AL., *Respondents*, v. THE CITY OF MESA, *Appellant*.

*Terry M. Tanner, Jr.* (of *Tanner & Hui*), for appellant.

*Ronald F. St. Hilaire* (of *Liebler Ivey Connor Berry & St. Hilaire*), for respondents.

¶1 BROWN, J. — This 2003 Land Use Petition Act (LUPA), chapter 36.70C RCW, suit arose when the city of Mesa (City) terminated Jeff and Donna Zink's building permit in 2002. The Zinks' lengthy LUPA petition also alleged multiple Open Public Meetings Act of 1971 (OPMA), chapter 42.30 RCW, violations. Close to hearing in 2005, the City stipulated it wrongfully terminated the Zinks' building permit and improperly conducted one meeting under OPMA. The City appeals the trial court's decision to award the Zinks $30,000 for attorney fees and costs under RCW 4.84.185 for frivolously defending the LUPA suit, contending no attorney fees are available in a LUPA suit. The Zinks' cross-appeal the trial court's failure to separately award attorney fees under OPMA. Under this record, we cannot say the trial court abused its discretion. Accordingly, we affirm.

## FACTS

¶2 In April 2000, the City granted a building permit to the Zinks for home repairs. In August 2002, the City

notified the Zinks it considered the permit expired for suspension or abandonment. In March 2003, the City's Board of Appeals (Board) affirmed because it found no work had been performed for more than 180 days.

¶3 In April 2003, the Zinks filed a petition under LUPA, requesting superior court review of the Board's decision. The Zinks alleged in their amended LUPA petition that multiple Board meetings in 2002 and 2003 violated OPMA. Apparently, the Zinks filed a separate public records suit against the City, and a visiting judge conducted continuing combined hearings.

¶4 On May 13, 2005, after the evidence closed in the public records trial and before further hearings in the LUPA/OPMA case, the parties orally stipulated to resolve the LUPA/OPMA claims. The City agreed it improperly terminated the building permit and improperly conducted a November 13, 2002 meeting. Attorney fees and costs were specifically left open in the stipulation. In its oral rulings, the superior court likened the building permit revocation to a Pearl Harbor bomb and noted, from the Zinks' view, the City engaged in a "totally unprovoked act of aggression . . . especially in light of the fact that the state electrical inspector . . . had just been there." Report of Proceedings (RP) (May 13, 2005) at 57. The trial court held for the City in the public records case.

¶5 On June 22, 2005, the court entered stipulated findings of fact and conclusions of law in the LUPA/OPMA case prepared by the City that reduced the parties' May 13 oral agreements to writing. The fourth finding of fact recites: "The stipulation that the parties have agreed to reduce to writing does not exclude the possibility that fees or costs may need to be awarded to the Petitioners." Clerk's Papers (CP) at 71. The court entered a consistent conclusion of law regarding "an award of [attorney] fees and costs for the prevailing party." *Id.* The court both found and concluded that neither the City's revocation nor the Board's decision was supported by substantial evidence. Further, the court

found the Board's November 13, 2002 meeting violated OPMA.

¶6 The Zinks later requested attorney fees and costs. The court found the City's actions in revoking the building permit were groundless and its defense against the Zinks' LUPA petition was frivolous. It awarded costs under RCW 36.70C.110(4) and attorney fees under RCW 4.84.185. After reviewing the billing records, the court found in its discretion a $30,000 award was reasonable for costs and fees. The court declined to separately award OPMA fees. The City appealed. The Zinks cross-appealed.

## ANALYSIS

### A. Applicability of RCW 4.84.185

¶7 The issue is whether the trial court erred in concluding attorney fees under RCW 4.84.185 may be awarded in a LUPA context. If so, the City contends the City's defense was not frivolous and the award here was, in any event, unreasonable.

¶8 The City argues because this is a LUPA case, attorney fees cannot be awarded.[1] *Schofield v. Spokane County,* 96 Wn. App. 581, 980 P.2d 277 (1999). In *Schofield,* this court considered RCW 36.70C.130 and reasoned because attorney fees were not mentioned, they were precluded. *Schofield,* 96 Wn. App. at 590; *see also Henderson v. Kittitas County,* 124 Wn. App. 747, 758, 100 P.3d 842 (2004) ("LUPA appeal does not give rise to attorney fees."). While the City is correct in its discussion of attorney fees under LUPA, LUPA was not the basis for the court's award. The trial court awarded fees under RCW 4.84.185.

¶9 RCW 4.84.185 applies to "any civil action." If a statute's language is unambiguous, we give effect to its plain meaning. In other words, "[i]f a statute is clear on its

---

[1] The City concedes costs are awardable under LUPA and does not challenge that portion of the court's award. *See* Appellant's Br. at 9; *see also* RCW 36.70C.110(4) (record preparation costs permitted under LUPA).

face, its meaning is to be derived from the language of the statute alone." *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002) (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). Here, even though the Zinks filed a LUPA petition, it is a civil action. The plain language of RCW 4.84.185 allows an award in this civil action.

¶10 We review a trial court's attorney fee award under RCW 4.84.185 for an abuse of discretion. *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004).

¶11 RCW 4.84.185 requires, and the court made, written findings showing the "defense was frivolous and advanced without reasonable cause." Even so, the City argues the finding is unsupported by the record and it should not be penalized for its stipulation that no basis existed for revoking the Zinks' permit. But, in its oral ruling, the court criticized the City's action in revoking the building permit. The City formally stipulated its decision to revoke the building permit was not supported by substantial evidence. The City stipulated the Zinks were not precluded from "an award of [attorney] fees and costs." CP at 71.

¶12 When the City later questioned the attorney fee award, the court responded, "I'll make it crystal clear. I find that the actions of the City . . . were frivolous and advanced without reasonable cause. Therefore the defense of same is also frivolous and advanced without reasonable cause." RP (Sept. 16, 2005) at 8. The City then stated, "OK. I think I can—I can live with that language on appeal." RP at 9. The October 5, 2005 final findings and conclusions are consistent, and the City stipulated that the Zinks were not precluded from an attorney fees and costs award. Parties must abide by their stipulations. *Luger v. Windell*, 123 Wash. 279, 281, 212 P. 276 (1923).

¶13 In sum, we do not enjoy the vantage point of the trial court. The trial court conducted lengthy interrelated proceedings involving the City's actions. The City is responsible for providing a record sufficient for review, but our record is limited by the stipulation. Given the stipulation,

we must rely on the trial court's view of these proceedings in deciding the egregiousness of the City's defense to the LUPA/OPMA claims. Because the court weighed factors peculiarly within its vantage point in light of the stipulation, we are not in a position to substitute our judgment about the quality of the City's defense. Therefore, we cannot say the trial court abused its discretion in awarding the Zinks attorney fees under RCW 4.84.185.

## B. Reasonableness of Amount

¶14 Next, we consider whether the $30,000 award was reasonable under an abuse of discretion standard. *Boeing Co. v. Heidy*, 147 Wn.2d 78, 90, 51 P.3d 793 (2002) (citing *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 665, 989 P.2d 1111 (1999)). Discretion is abused if it is manifestly unreasonable or based upon untenable grounds or reasons. *Id.* A trial judge has broad discretion in determining the reasonableness of a fee award. *Ethridge v. Hwang*, 105 Wn. App. 447, 459-60, 20 P.3d 958 (2001). " 'A court's decision is manifestly unreasonable if it is outside the range of acceptable choices.' " *In re Marriage of Horner*, 151 Wn.2d 884, 894, 93 P.3d 124 (2004) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

¶15 Using the lodestar method, the court multiplies the reasonable hourly rate by the number of hours reasonably spent on the lawsuit. *Crest, Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 773, 115 P.3d 349 (2005). While the court should exclude any wasteful or duplicative hours and any hours for unsuccessful theories or claims, "an explicit hour-by-hour analysis of each lawyer's time sheets" is unnecessary as long as the court considers relevant factors and gives reasons for the amount awarded. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 54 Wn. App. 180, 187, 773 P.2d 114 (1989), *rev'd on other grounds*, 114 Wn.2d 677, 790 P.2d 604 (1990).

¶16 The Zinks requested $32,239.73 in fees and costs. The court reduced the amount to $30,000 after

ensuring no hours were billed for the public records case and that no duplicate billings were submitted in the LUPA/OPMA case. Although, in its oral ruling the court reasoned the hours worked may have been excessive, its written findings found $30,000, as a whole, was reasonable. The court found counsel's hourly rate was reasonable but apparently decided to round the costs and expenses to the lesser sum, an amount within the range of evidence.

¶17 The City alleges the Zinks took numerous unnecessary depositions. While the court commented about excessiveness, the record shows those concerns likely related to the public records issues for which no fees were granted. The record shows the court considered the hourly billing rate and the hours worked before reducing the amount requested by the Zinks. Thus, the trial court exercised its discretion before setting combined fees and costs. Therefore, we cannot say the trial court's exercise of discretion was unreasonable or based on untenable grounds.

## C. Additional Attorney Fees

¶18 First, we consider the cross-appeal issue of whether the trial court erred in not entering a separate award for attorney fees for the OPMA violation. We acknowledge the Zinks' argument that the City failed to cite legal authority in its reply brief. Under RAP 10.3(a)(6), arguments not supported by citation to legal authority will not be considered on appeal. Here, the City cites one statute and primarily makes factual arguments. Therefore, we consider the City's arguments.

¶19 RCW 42.30.120(2) provides, "[a]ny person who prevails against a public agency in any action in the courts for a violation of this chapter [OPMA] shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action."

¶20 In the trial court's June 22, 2005 written findings of fact, stipulated to by the City, the court found one Board meeting was held in violation of OPMA. Apparently all

related costs have been awarded. The Zinks' focus is solely a separate award for OPMA attorney fees. But, the Zinks filed a LUPA action, not an "action in the courts for a violation of [OPMA]." RCW 42.30.120(2). Without explanation, the court concluded attorney fees were not permitted under OPMA.

¶21 At the presentment hearing, the Zinks did not challenge this conclusion, likely because the court had considered together the separate LUPA and OPMA billings before making its attorney fee award under RCW 4.84.185. An additional award using the same billings would be duplicative. The Zinks additionally ask for an award of postjudgment interest on the original $30,000, but we note postjudgment interest was awarded in the court's judgment.

¶22 Next, we consider the Zinks' request for attorney fees under LUPA, OPMA, RCW 4.84.185, 4.84.370, RAP 18.1, and 18.9, and costs under RAP 14.1.

¶23 RAP 18.1(a) permits recovery of reasonable attorney fees or expenses if applicable law grants the right to the requesting party. As discussed above, LUPA and OPMA do not provide a basis for attorney fees here. And the proceedings do not allow for an attorney fee award under RCW 4.84.370(1) because "[u]nder this statute, parties are entitled to attorney fees only if a county, city, or town's decision is rendered in their favor and at least two courts affirm that decision." *Habitat Watch v. Skagit County*, 155 Wn.2d 397, 413, 120 P.3d 56 (2005). Lastly, we do not find the City's appeal frivolous. Therefore, the Zinks' request under RCW 4.84.185 and RAP 18.9 is denied.

¶24 The Zinks are entitled to their costs under RAP 14.1, in an amount to be determined by a commissioner of this court as the prevailing party.

¶25 Affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.