IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| PETER J. WEYMILLER and KATHRYN K. WEYMILLER, a married couple and their marital community, | No. 58618-5-II |
| Appellants, | |
| v. | |
| DAVID RINGLEE and BETTY RINGLEE, a married couple and their marital community, and DAVID R. RINGLEE and BETTY P. RINGLEE, trustees of the LIVING TRUST OF DAVID R. RINGLEE and BETTY P. RINGLEE, dated April 14, 2020, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, A.C.J. — Peter and Kathryn Weymiller have been in continuous litigation with their next door neighbors, David and Betty Ringlee, over the installation of a flagpole on the Ringlees' property. The parties eventually stipulated to a voluntary nonsuit, and the Ringlees filed a motion for attorney fees and costs under RCW 4.84.185 and CR 11. The superior court awarded fees pursuant to the statute, characterizing the Weymillers' claim as frivolous, and reserving the CR 11 issue without ruling. The Weymillers appeal, arguing that the superior court erred by (1) finding the lawsuit frivolous as a basis for awarding attorney fees and costs, (2) giving weight to Pierce County's retroactive issuance of a flagpole permit to the Ringlees, (3) not denying the Ringlees' motion for sanctions on the alternative basis of CR 11, and (4) approving the total of the Ringlees' itemized claim for attorney fees. The Ringlees request attorney fees on appeal.

We affirm the trial court and deny the request for attorney fees on appeal.

FACTS

The parties to this litigation are next door neighbors on waterfront property in Gig Harbor. The Weymillers live in the house directly to the east of the Ringlees.

The Ringlees wanted to install a flagpole on the shoreline of their home. They were told by Pierce County Planning and Land Services that no permit was required. The Ringlees e-mailed both of their neighbors regarding installation of the flagpole, and installed a temporary pole to demonstrate to their neighbors what kind of impact the installation would have. Having received no objection from the Weymillers or their neighbors to the west, the Ringlees installed a permanent flagpole in January 2016.

After it was installed, the Weymillers took issue with the permanent flagpole. The Ringlees and the Weymillers tried to come to a resolution, but could never agree to a new location for the flagpole. In November 2021, almost six years after installation, the Weymillers filed a complaint with Pierce County Code Enforcement, asserting that the flagpole blocked their view and violated shoreline regulations. This complaint induced the Ringlees to apply for a retroactive permit exempting the flagpole from Pierce County Shoreline Regulations.

In reviewing their application, a county official visited the property to investigate the impact of the flagpole. Pierce County granted the after-the-fact permit exemption from the shoreline regulations, finding that the view of the flagpole from the Weymillers' property is blocked by trees that the Weymillers planted along the property line. The decision gave a 14-day deadline for neighbors to appeal the exemption. The Weymillers did not appeal. Six months later, the Weymillers filed another complaint with Pierce County regarding the flagpole. Pierce County dismissed the second complaint on the basis that the issue had been investigated previously.

The Weymillers filed this lawsuit against the Ringlees on September 7, 2022. In their complaint, they allege that the flagpole causes a nuisance and violates the Pierce County Code and the Shoreline Management Act (SMA).[1] The complaint sought damages and an injunction against the flagpole.

The Ringlees' counsel corresponded with the Weymillers' counsel via e-mail, warning that they would seek attorney fees and costs if the suit was not dismissed. They asserted that the deadline to appeal Pierce County's issuance of the exemption had passed and that the Weymillers knew they were making unsubstantiated claims because the County had twice dismissed them. The Ringlees moved to compel a site inspection of the Weymillers' property under CR 34(a)(2).[2] The inspection was ultimately conducted on October 28, 2022.

Eventually the Weymillers filed a status report voluntarily dismissing their claims, and the parties filed a stipulated order of dismissal with prejudice on February 21, 2023. The Ringlees filed their motion for fees and costs under RCW 4.84.185 and CR 11 on the grounds that the Weymillers' lawsuit was frivolous. In response, the Weymillers argued that their nuisance claim was not frivolous because the flagpole created a private nuisance and violated the Pierce County Code and SMA. The Weymillers also asserted for the first time that the flagpole "frightens away birds and other wildlife." Clerk's Papers (CP) at 160.

---

[1] In their original complaint, the Weymillers allege that the Ringlees made misrepresentations to the County regarding the impact of the flagpole. The Weymillers removed those allegations in their amended complaint.

[2] The Weymillers claim this motion was premature, because the Ringlees had been informed that the proposed date would not work and that the Weymillers' counsel would be out of town for a period of time. The Weymillers also claim that the Ringlees were informed that the Weymillers' counsel was in the hospital, and filed the motion anyway. According to the Ringlees, they were forced to move to compel a site inspection visit of the Weymillers' property "due to the Weymillers' unwillingness and repeated foot-dragging in scheduling a date for the inspection." Br. of Resp't at 11.

On May 17, 2023, the superior court held a hearing on the issue. The superior court awarded the Ringlees fees and costs and reserved ruling on CR 11 sanctions. The court concluded that the SMA does not confer a private cause of action and that the Weymillers could not bring a claim to escape the fact that they did not appeal the County's exemption. Further, the court ruled that "the habitat issue, the bird issue," was not pled, and the Weymillers were foreclosed from pursuing it. Rep. of Proc. (RP) at 22-23. The court also found that there was no support for the private nuisance claim, specifically because the Weymillers had no view easement or other entitlement to an unobstructed view. The superior court awarded the amount of attorney fees requested without adjustment, noting that the Ringlees' counsel had appropriately billed for their time.

The Weymillers appeal the superior court's ruling.

ANALYSIS

I.   FRIVOLOUS LAWSUIT UNDER RCW 4.84.185

The Weymillers argue that the superior court erred by finding their lawsuit frivolous as a basis for awarding attorney fees and costs to the Ringlees under RCW 4.84.185. We disagree.

Attorney fees under either CR 11 or RCW 4.84.185 are discretionary with the trial judge. *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 937-38, 946 P.2d 1235 (1997). The decision to award attorney fees as a sanction for a frivolous action will not be disturbed absent a showing of abuse of discretion. *Harrington v. Pailthorp*, 67 Wn. App. 901, 910, 841 P.2d 1258 (1992). Our inquiry is "whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons." *Tiger Oil Corp.*, 88 Wn. App. at 938.

RCW 4.84.185 authorizes the trial court to award to the prevailing party "the reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action. *Havsy v. Flynn*, 88 Wn. App. 514, 521 n.16, 945 P.2d 221 (1997). The statute is designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite. *Suarez v. Newquist*, 70 Wn. App. 827, 832–33, 855 P.2d 1200 (1993). "'A frivolous action is one that cannot be supported by any rational argument on the law or facts.'" *Hanna v. Margitan*, 193 Wn. App. 596, 612, 373 P.3d 300 (2016) (quoting *Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 340, 798 P.2d 1155 (1990)). An award of fees and costs under RCW 4.84.185 is evaluated based on whether the facts or law objectively forecloses a claim, not whether the party or attorney subjectively believes the claims are meritorious. *Harrington*, 67 Wn. App. at 911-12.

An award is justified where prior cases unambiguously foreclose a claim rendering the claim "so devoid of merit that there was no reasonable possibility of success." *Rhinehart*, 59 Wn. App. at 341. Where a trial court makes considered evaluation of all the facts and applicable law and finds on the record that a case was frivolous and advanced without reasonable cause, it has applied the correct standard and not abused its discretion. *See, e.g.*, *Zink v. City of Mesa*, 137 Wn. App. 271, 276-77, 152 P.3d 1044 (2007) (trial court made reasoned evaluation of the facts and law and made a finding that the lawsuit was frivolous and advanced without reasonable cause, satisfying RCW 4.84.185 under abuse of discretion standard).

The lawsuit must be frivolous in its entirety; if any of the asserted claims are not frivolous, the action is not frivolous. *Biggs v. Vail*, 119 Wn.2d 129, 136-37, 830 P.2d 350 (1992); *Forster v. Pierce County*, 99 Wn. App. 168, 183-84, 991 P.2d 687 (2000). If that action in its entirety is

determined to be frivolous and advanced without reasonable cause, then fees and costs may be awarded to the prevailing party. *Biggs*, 119 Wn.2d at 136.

Here, the superior court concluded that the lawsuit was frivolous under all three theories: (1) violations of the SMA, (2) violations of the Pierce County Code, and (3) the private nuisance claim. In analyzing whether there was an abuse of discretion, we evaluate each conclusion separately to determine if the lawsuit in its entirety was frivolous. *See Biggs*, 119 Wn.2d at 136-37.

A.      Violations of the Shoreline Management Act

The superior court did not abuse its discretion by concluding that the Weymillers' nuisance claim based on the theory that the Ringlees violated the SMA was frivolous.

Shoreline development must conform with the SMA and with local government shoreline master programs. RCW 90.58.040; *Buechel v. Dep't of Ecology*, 125 Wn.2d 196, 203-04, 884 P.2d 910 (1994); *Harrington v. Spokane County*, 128 Wn. App. 202, 214, 114 P.3d 1233 (2005). A person aggrieved by the granting, denying, or rescinding of a permit may seek review by the shoreline's hearings board. RCW 90.58.180(1). The local agency's action on the permit application is termed the "final decision." *Id*.

Any theory the Weymillers have related to local government enforcement fails because the Weymillers waived any appeal of that decision. The local government in this case, Pierce County, granted the Ringlees an after-the-fact exemption after an in person investigation, which gave a 14-day window for neighbors to appeal the decision. The Weymillers did not avail themselves of their opportunity to appeal, and now lack the ability to challenge the decision. *See* RCW 90.58.210; *Chelan Basin Conservancy v. GBI Holding Co.*, 190 Wn.2d 249, 262-67, 413 P.3d 549

(2018); *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 182, 4 P.3d 123 (2000) ("If there is no challenge to the decision, the decision is valid.").

Although the trial court determined that a private nuisance cause of action did not exist under the SMA, we need not pass upon that question to resolve the issue of whether the trial court abused its discretion in concluding the Weymillers' nuisance claim was frivolous. This is because the Weymillers failed to allege facts or law supporting their claim in the first instance. They allege a view impairment theory with no support in the law. Then for the first time, after voluntary dismissal of their lawsuit and in response to the motion for attorney fees, they make late allegations of harm to birds and other wildlife as a theory for their private nuisance claim. Neither of these allegations survives examination. The first is frivolous because it is unrecognized in Washington. The second is frivolous because it was not pled and they never moved to amend their complaint to add it.

Additionally, even if a private right of action is available to them under the SMA, as alluded to above, the Weymillers allege no specific facts that demonstrate the Ringlees' flagpole is in violation of the SMA. They also fail to point to any specific provision they allege the Ringlees have violated.

Because the Weymillers lacked any factual or legal basis to support their claim of an SMA violation, the superior court did not abuse its discretion in determining that the Weymillers' theory related to the SMA was frivolous.

B.     Violations of the Pierce County Code

Likewise, the superior court did not abuse its discretion in determining the second basis for the nuisance claim, violations of the Pierce County Code, was frivolous. The Weymillers made multiple complaints to Pierce County about the flagpole, alleging the same facts that they do now.

These complaints were dismissed by the county months before the Weymillers' lawsuit was filed. In its dismissal, the county cited the fact that this issue had been previously investigated, and that the Ringlees were not in violation of the Pierce County Code. And, as with the county's decision on the after-the-fact exemption, the Weymillers failed to appeal these dismissals.

Also unavoidable is the failure of the Weymillers to support their theories independently with evidence of any violation. On multiple occasions, the county found no violation of the Pierce County Code. Finding the lawsuit frivolous on this basis was not an abuse of discretion.

C.     Private Nuisance Claim

Finally, the Weymillers argue that their private nuisance claim was not frivolous because the flagpole operates as a separate basis for their nuisance allegation, posing an unreasonable interference with their "opportunity to enjoy the natural and aesthetic qualities and character of the shorelands." Br. of Appellant at 16. The superior court rejected this claim, stating that:

> [I]t's worth noting that there is no claim at all that the Weymillers had a view easement that was interfered with. And to find a nuisance for interfering with a view that they didn't have an easement for is essentially, I think, to confer an easement that doesn't exist. And I don't think that the law requires that.
> I think to the extent that it's predicated on interfering with the Weymillers' view—and again, they don't have a view easement—there has to be some other factor present that would give rise to a nuisance claim, and there is just not.

RP at 25.

The right to an unobstructed view does not exist absent an agreement, statute, or governmentally imposed condition affirmatively creating that right. *Pierce v. Ne. Lake Wash. Sewer & Water Dist.*, 123 Wn.2d 550, 559, 870 P.2d 305 (1994). There is no dispute in this case that the Weymillers do not have a view easement, nor a restrictive covenant limiting the height or type of structures on adjacent property, nor were there any documents giving them a right to an unobstructed view. Without any easement of light, air, or view, the superior court did not abuse

8

its discretion in determining that the Weymillers had no legal cause for a nuisance claim over the erection of a flagpole on the Ringlees' property.

The Weymillers argue that the superior court erred by giving any weight to the retroactive issuance of a flagpole permit exemption. We disagree. The superior court did not hold that the retroactive permit was dispositive of the entire nuisance issue. Rather, the retroactive permit was significant to the superior court because it demonstrated the lawfulness of the Ringlees' flagpole. *See Pierce*, 123 Wn.2d at 559-60 (holding that lawful construction that incidentally blocks a neighbor's view is generally not actionable as a nuisance). The Ringlees did not obtain a permit to construct the flagpole and, when faced with challenges, obtained an after-the-fact exemption from Pierce County Shoreline Regulations subsequent to an in-person investigation by a county official. Since there is no right to a view, the Weymillers cannot show that something that merely obstructs their view, without more, is a nuisance. *See Collinson v. John L. Scott, Inc.*, 55 Wn. App. 481, 488, 778 P.2d 534 (1989). It was not error for the trial court to consider retroactive issuance of the permit.[3, 4] *See Pierce*, 123 Wn.2d 550..

The Weymillers allege that the superior court erred in focusing on whether the nuisance claim had "merit." Br. of Appellant at 19. The Weymillers claim that this was an error for two reasons: First, because the merits of the claims should not have been evaluated without the benefit of discovery, and second, because the judge used the wrong standard when he should have been deciding if the claims were frivolous.

---

[3] The retroactive issuance of the permit is not the only evidence of the construction being lawful that the superior court considered. For example, the court also considered the multiple complaints filed by the Weymillers with Pierce County, all of which were dismissed.

[4] In holding that the trial court did not abuse its discretion, we do not foreclose the possibility that, under another set of facts and circumstances, a nuisance could exist despite the issuance of a permit and permission from the appropriate enforcement agency.

We reject both arguments. First, the court dismissed the claims on a legal basis, not a factual one. Further discovery as to the facts would not have helped salvage these claims when they suffered a defect based in law. Second, the judge did not apply the incorrect standard, because whether a case has merit is directly related to whether or not the claim is frivolous. *Harrington*, 67 Wn. App. at 911-12. As previously noted, an award under RCW 4.84.185 is justified where prior cases unambiguously foreclose a claim rendering the claim "so devoid of *merit* that there was no reasonable possibility of success." *Rhinehart*, 59 Wn. App. at 341 ("Most of the issues in this case have been raised and rejected in at least two prior cases. The remaining issues are not debatable. The case is so devoid of merit that there was no reasonable possibility of success. The trial court did not abuse its discretion in awarding fees under either RCW 4.84.185 or CR 11."). Considering the merits of a claim when the issue concerns awarding attorney fees under RCW 4.84.185 is not an abuse of discretion.

The Weymillers also base their nuisance claim on a purported disturbance of the local bird population. The Weymillers do not present any authority for maintaining a nuisance claim predicated on adverse impacts to wildlife. The case cited in the Weymillers' brief, *Bradley v. American Smelting & Refining Co.*, 104 Wn.2d 677, 709 P.2d 782 (1985), is limited to the notion that spreading microscopic particles could give rise to both a trespass and nuisance claim for their adverse effects on humans. *See id*. at 684-91. This argument is unpersuasive.

The superior court made a reasoned evaluation of the facts and law, and made a finding that the lawsuit was frivolous and advanced without reasonable cause. *See Zink*, 137 Wn. App. at 276-77. We find no abuse of discretion and decline to disturb the superior court's award of attorney fees under RCW 4.84.185.

II.     CR 11 SANCTIONS

The Weymillers argue that the Superior Court erred by reserving its ruling on the basis of CR 11 and not denying the Ringlees' motion for sanctions. But because the trial court ruled the Ringlees were entitled to fees under RCW 4.84.185, it was not an abuse of discretion for it to conclude it need not reach entitlement to fees under CR 11.

III.    ITEMIZED ATTORNEY FEES

The Weymillers argue that the Superior Court erred by approving the Ringlees' itemized claim for attorney fees without adjustment. This claim is not preserved for appeal because the Weymillers did not object to the Ringlees' itemization in court. *See* RAP 2.5(a). We decline to address this argument.

IV.     ATTORNEY FEES ON APPEAL

The Ringlees request attorney fees on appeal. RCW 4.84.185 allows recovery of attorney fees because of frivolous claims made only at the trial court level, and is not a basis for recovery of fees on appeal. *Bill of Rights Legal Found. v. Evergreen State Coll.*, 44 Wn. App. 690, 697, 723 P.2d 483 (1986).

Nevertheless, we are authorized to grant attorney fees on appeal if authorized by applicable law under RAP 18.1(a), or on its own initiative under RAP 18.9(a) to order sanctions against a party who brings an appeal for the purpose of delay. Sanctions may include, as compensatory damages, an award of attorney's fees to the opposing party. *See* RAP 18.9(a); *Gall Landau Young Constr. Co. v. Hurlen Constr. Co.*, 39 Wn. App. 420, 432, 693 P.2d 207 (1985). In determining whether an appeal is brought for delay under RAP 18.9(a), "our primary inquiry is whether, when considering the record as a whole, the appeal is frivolous, i.e., whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v.*

58618-5-II

*White*, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).  All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant.  *Bill of Rights Legal Found.*, 44 Wn. App. at 698.

Applying this high standard, and construing all doubts in favor of the Weymillers, we do not find the appeal frivolous.  There are debatable issues presented in this appeal.  One such issue is the propriety of the trial court's consideration of the merits of the claim when considering frivolousness.  This is a debatable issue and not necessarily devoid of merit.  Here, resolving all doubts in favor of the Weymillers and considering the record as a whole, the appeal is not frivolous.  Accordingly, we deny the request for attorney fees.

CONCLUSION

We affirm the superior court's judgment and deny the request for attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljcic, A.C.J.

We concur:

Glasgow, J.

Price, J.

12